SADIE DRESCHER, Appellant, *v.* JOSEPH H. MIRKUS, Respondent.

First Department, February 6, 1925.

Pleadings — answer — amendment — action to recover for injuries suffered when plaintiff fell down stairway in premises where she was employed — answer admitted ownership and control — after plaintiff's right against other parties is barred, defendant cannot amend answer by withdrawing admission.

In an action to recover damages for injuries suffered by the plaintiff when she fell down a stairway in premises where she was employed, the answer of the defendant, which admitted ownership and control of the property, cannot be amended by withdrawing the admission of ownership and control and alleging facts to show that defendant is not responsible for the injuries suffered, where the defendant waits until the plaintiff has lost her right to proceed against other parties who may be responsible.

APPEAL by the plaintiff, Sadie Drescher, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of October, 1924, granting defendant's motion for leave to amend his answer.

*Breitbart & Breitbart* [*Charles Breitbart* of counsel], for the appellant.

*Sobel & Brand* [*Isidor H. Brand* of counsel], for the respondent.

FINCH, J.:

The action was brought to recover damages for personal injuries sustained by plaintiff in June, 1921, through the alleged negligence of the defendant, by falling down a stairway in premises where she was employed.

The complaint alleged that the defendant was the owner of the premises and in control thereof. The verified answer of the defendant specifically admitted such ownership and control, denying only the charge of negligence.

The case was put on the calendar, and more than two years after joinder of issue and about a month before the case would be reached for trial, the defendant moved to amend the answer by withdrawing the admission of ownership and control, upon

the ground that the defendant had overlooked the legal import of the answer, and alleging that as a matter of fact the defendant occupied the premises under a lease, which lease was assigned prior to the date of the accident; that defendant thought at the time he was served with the summons that he was covered by insurance, and forwarded the papers to his brokers who forwarded them to the insurance company, whose attorneys prepared the answer, but that on ascertaining that the policy of insurance had been canceled prior to the accident, the company had disclaimed liability.

The plaintiff now shows that it is too late to proceed against any other party because of the Statute of Limitations. It, therefore, is clear that the motion has been granted to the extreme prejudice of the plaintiff. The plaintiff cannot be deprived of his cause of action through the mistake and negligence of the defendant, upon the payment of costs by the latter. As was said in *Johnson* v. *Phœnix Bridge Co.* (133 App. Div. 807, 810): " Section 723 of the Code of Civil Procedure [now Civ. Prac. Act, § 105] liberally provides for amendments to the summons or pleadings in furtherance of justice and where no change in the cause of action or defense is made and no serious detriment is to result to the opposing party. In construing the provisions of this section of the Code, the courts in some cases have adopted a somewhat broad rather than a restricted interpretation. * * * On the other hand, where a new cause of action is stated, or where the rights of the opposing party are to be materially affected to his detriment, the amendment will not be granted."

To sanction the practice of a party admitting in his answer ownership and control and thus lulling the plaintiff to sleep until the Statute of Limitations has run, and then permit him to withdraw such admission through an amendment of the answer upon payment of costs would create a precedent which could be used to work injustice on the one hand and undue advantage on the other.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MARTIN and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.