WALTER ZULINSKY, Appellant, v. JOHN W. BRADFORD et al., Respondents.—

It was an improvident exercise of discretion to permit the amendment of the answer. The record discloses that defendants by their original answer attempted to allege the same affirmative defense which was struck out for insufficiency. Permitting that affirmative defense to be alleged by amendment almost four years later, after expiration of the time limited for the commencement of an action upon the cause assigned by the Workmen's Compensation Law, was prejudicial to a substantial right of the plaintiff. (*Jennings* v. *Perkins,* 277 App. Div. 1143, and cases there cited.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.

PASQUALE ZURICA, an Infant, by His Guardian ad Litem, FRANK ZURICA, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—

In our opinion, the record presented questions of fact as to defendant's negligence and the infant plaintiff's freedom from contributory negligence. (Cf. *Bradley* v. *Board of Educ. of City of Oneonta,* 247 App. Div. 833, affd. 274 N. Y. 473, and *Burtis* v. *Board of Educ. of City of New York,* 274 App. Div. 802.) Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.

(December 19, 1951.)

In the Matter of the Application of SIDNEY BURGER for Admission to Practice as an Attorney. (From the State of New Jersey.)
Present — Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ.

In the Matter of the Application of HAROLD JACOB COHEN for Admission to Practice as an Attorney. (From the State of Illinois.)
Present — Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ.

(December 21, 1951.)

HAROLD H. FEIGIN, Respondent, v. SICHARD S. NORDSCHILD, Appellant.—

Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.