JOHN H. NICHOLS et al., Respondents, v. ITEM PUBLISHERS, INC., Appellant. — In a libel action, order denying defendant's motion to dismiss the complaint for insufficiency, under rule 106 of the Rules of Civil Practice, reversed, with $10 costs and disbursements, and motion granted, without costs, with leave to plaintiffs to serve an amended complaint within twenty days after the entry of the order hereon. The complaint fails to allege words that are actionable per se, and no special damages are pleaded. Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ., concur. [See *post*, p. 991.]

◼

IRVING PORTNOW, Appellant, v. HAROLD FREIDUS, Respondent.— In an action to recover damages for slander, order denying plaintiff's motion to strike the two separate defenses from the answer as insufficient in law, affirmed, with $10 costs and disbursements. No opinion. Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

◼

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUFACTURERS CASUALTY INSURANCE COMPANY, Surety, Appellant, and DELLA ORANSKY et al., Indemnitors. HARRY GROSS, Principal.— Appeal by a surety from an order denying its motion to vacate a judgment resulting from the forfeiture of a bail bond of a material witness, entered against it in the office of the Clerk of the County of Kings pursuant to section 595 of the Code of Criminal Procedure. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur. [See *post*, p. 986.]

◼

HARRY ROSENFELD, Appellant, v. PARBROOK CONSTRUCTION CO., INC., Respondent.— In an action to recover damages for personal injuries, defendant moved (four and a half years after the date of the accident and almost two and a half years after its answer had been interposed) to serve an amended answer alleging that under section 29 of the Workmen's Compensation Law (as it read prior to September 1, 1951) the failure to commence this action within the time therein prescribed operated as an assignment of the cause of action to the compensation carrier and that plaintiff was not the real party in interest. The motion was granted and plaintiff appeals. Order reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs. It was an improvident exercise of discretion to permit the amendment of the answer. Permitting the amendment after the expiration of the time limited for the commencement of an action by the compensation carrier upon the cause assigned by the Workmen's Compensation Law, was prejudicial to the substantial rights of the plaintiff. (*Jennings* v. *Perkins*, 277 App. Div. 1143, and cases therein cited; *Zulinsky* v. *Bradford*, 279 App. Div. 765.) Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.