ANTONIO MARRONE et al., Respondents, v. JOHN A. JOHNSON & SONS, INC., et al., Defendants. JOHN A. JOHNSON & SONS, INC., Third-Party Plaintiff, v. THOMAS MARTIN MASON CORPORATION, Third-Party Defendant-Appellant. CARL A. VOLLMER et al., Third-Party Plaintiffs, v. THOMAS MARTIN MASON CORPORATION, Third-Party Defendant-Appellant.— Plaintiffs, employed by appellant, a masonry subcontractor, were injured in the course of their employment, on January 19, 1950, and made claim for and were awarded compensation, pursuant to the Workmen's Compensation Law. Thereafter, and more than six months after the award of compensation, and more than a year after their injuries were sustained, plaintiffs brought action against defendants, who are respectively the general contractor, the hoisting subcontractor and the architects in charge of the work in which plaintiffs were engaged. Although, pursuant to the provisions of the Workmen's Compensation Law, then in effect, plaintiffs' causes of action had been assigned to and were vested in appellant's compensation insurance carrier, defendants did not plead that defense in their answers to plaintiffs' complaints. Thereafter, and upwards of three years after the accident, appellant was impleaded by the general contractor and the architects as a third-party defendant. Appellant then served a consolidated answer to the third-party complaints and to the plaintiffs' complaints against the defendants, in which it alleged as a defense that by reason of the failure of plaintiffs to commence action within the time limited by section 29 of the Workmen's Compensation Law, their causes of action had vested in their employer's compensation insurance carrier, and plaintiffs were not the real parties in interest,

Plaintiffs moved to have appellant's defense struck out, on the ground that defendants, by their laches, had lost the right to assert such a defense (*Zulinsky* v. *Bradford,* 279 App. Div. 765; *Rosenfeld* v. *Parbrook Constr. Co.,* 280 App. Div. 944), and that appellant, then impleaded, was consequently barred from setting it up to defeat plaintiffs' claim against them. The appeal is from the order granting plaintiffs' motion. Order reversed, with $10 costs and disbursements, and motion denied, without costs. Although it may be that defendants would not now be permitted to amend their answers so as to set up the defense pleaded by appellant, because the time has expired within which the compensation carrier could commence an action upon the cause assigned pursuant to provisions of the Workmen's Compensation Law, the reasons which would require a denial of such amendment do not require or permit the striking out of the defense asserted by appellant. Pleadings may be amended as a matter of course only within twenty days after service thereof, and thereafter may be amended only by permission of the court. Permission to amend might be denied defendants, because such amendment would deny plaintiffs a right to recover through an action by the compensation carrier, which could not now be commenced because of the Statute of Limitations. (*Zulinsky* v. *Bradford, supra.*) Appellant, however, has been guilty of no fault or neglect which has prevented action by the compensation carrier, or the timely pleading of a defense by defendants, and requires no permission of the court to plead, against plaintiffs, a defense which defendants have, although through their own fault, under the existing pleadings, they may not now be able to avail themselves of it. (Cf. *Massi* v. *Alben Builders,* 270 App. Div. 482, 486, and *Whiting* v. *Glass,* 217 N. Y. 333.) The right to plead such defense is expressly given to appellant by statute (Civ. Prac. Act, § 193-a, subd. 2) and may not be denied it because of defendants' neglect. Plaintiffs may, if so advised, move to dismiss the third-party complaints, or for such other order or relief as may be proper and necessary to further justice, pursuant to the provisions of subdivision 4 of section 193-a of the Civil Practice Act. Nolan, P. J., Adel, MacCrate and Beldock, JJ., concur. Murphy, J., dissents and votes to affirm, with the following memorandum: The third-party defendant is restricted as against the plaintiff to the assertion of such defenses as the third-party plaintiff "has" to the plaintiff's claim. It seems to me that the statutory language (Civ. Prac. Act, § 193-a, subd. 2) cannot be strained so as to hold that the third-party defendant may interpose a defense which the third-party plaintiff has lost. The right of the third-party defendant to plead such a defense is a vicarious one and, if lost to the third-party plaintiff, it is unavailable to the third-party defendant. The third-party defendant is not without remedy. It has a defense as against the third-party plaintiff. If a judgment is rendered for plaintiff against the third-party plaintiff it will be because the latter suffered such judgment to be taken by failing to plead that plaintiff is not the real party in interest. In the light of waiver of such defense by the third-party plaintiff, the third-party defendant is not concluded by a judgment for plaintiff. The third-party defendant may set forth the waiver by the third-party plaintiff as a conclusive defense in the nature of estoppel of the third-party plaintiff if the latter seeks judgment over. [See 284 App. Div. 849.]