MAMIE LEHMAN, Respondent, v. LOUIS HARTKE, Defendant, and JENNIE SILVERBERG, Appellant.

Third Department, November 23, 1955.

*Edward L. Bookstein* for appellant.

*Howard C. St. John* for respondent.

*Per Curiam.* The defendant Silverberg appeals from an order denying her motion for leave to amend her answer by interposing the affirmative defense that the plaintiff's cause of action had been automatically assigned to the workmen's compensation insurance carrier of the plaintiff's employer prior to the commencement of the action and that the plaintiff was not the real party in interest.

The relevant dates are important: (1) On December 29, 1949, the plaintiff allegedly suffered injuries by reason of the defendants' negligence. (2) On November 12, 1952, about six weeks before the expiration of the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6), the plaintiff commenced this action by the service of a summons. (3) On December 24, 1952, after the receipt of a notice of appearance from the defendant-appellant's attorneys, the plaintiff served her complaint. It alleged that the plaintiff had been injured as the result of falling through a trap door upon premises owned by the defendant-appellant, it being claimed that the trap door had been negligently left open by the defendant-appellant's agent. (4) On January 14, 1953, twenty days after the service of the complaint, the defendant-appellant served her answer.

Subsequently, upon an examination before trial more than a year later, in 1954, the defendant-appellant learned that at the time of the alleged accident, the plaintiff had been employed as a domestic servant by the lessee of the defendant-appellant's premises. The defendant also learned, upon the examination before trial, that the plaintiff had made a claim for, and had received and accepted, workmen's compensation payments within two months after the occurrence of the accident.

Shortly after discovering these facts, the defendant-appellant's attorneys moved for permission to amend her answer to set up the affirmative defense that the plaintiff was not the real party in interest.

Section 29 of the Workmen's Compensation Law, as it read prior to its amendment by chapter 527 of the Laws of 1951, provided that if an injured employee did not commence a third-party action within six months from the date of the compensation award and, in any event, within one year from the date his right of action accrued, the cause of action was thereby assigned by operation of law to his employer or its insurance carrier, whichever had paid compensation to him. It incon-

trovertibly appears that, under this section, the plaintiff's cause of action had been automatically assigned to her employer's compensation carrier prior to the commencement of this action.

The Special Term denied the motion upon the ground that "It would be an improvident exercise of discretion to grant leave to amend the answer so as to interpose such defense at this time", citing *Rosenfeld* v. *Parbrook Constr. Co.* (280 App. Div. 944) and *Zulinsky* v. *Bradford* (279 App. Div. 765). The court pointed out that, if the proposed defense were permitted to be interposed, it would be too late for the compensation carrier to commence an action as assignee since the cause of action had been barred by the Statute of Limitations.

We believe that the motion for leave to amend should have been granted. As appears from the chronology given above, the three-year period under the Statute of Limitations had expired at the time of the interposition of the original answer so that, even if the proposed affirmative defense had been set up at that time, it would have been too late for the workmen's compensation insurance carrier to commence an action as assignee. Therefore, no prejudice resulted from the defendant-appellant's failure to interpose the defense in the original answer. Furthermore, as appears from the papers upon this motion, the defendant had had no knowledge of the fact that this was a third-party action under the Workmen's Compensation Law until the plaintiff had been examined before trial, more than a year after the answer had been interposed and after the Statute of Limitations had run against an action by the carrier. A motion for leave to amend an answer may not properly be denied in the exercise of discretion unless it is made to appear that the defendant had been guilty of unjustifiable delay in seeking to interpose the proposed defense and that the delay had caused prejudice to the adverse party.

It should be noted that in the two cases cited by the Special Term, the time within which a new action could be brought by the carrier had not yet expired at the time of the interposition of the original answer. It also appeared that the defendant had knowledge of the availability of the defense at that time. If the defendant had properly interposed the affirmative defense in his original answer, the carrier could have brought a timely action. In these circumstances, the court properly held that "Permitting the amendment after the expiration of the time limited for the commencement of an action by the compensation carrier upon the cause assigned by the Workmen's Compensation Law, was prejudicial to the substantial rights of the plain-

tiff" (*Rosenfeld* v. *Parbrook Constr. Co.*, 280 App. Div. 944, *supra*).

The order denying leave to amend in this case must be reversed and the motion for leave granted. It should be pointed out, however, that the interposing of the defense will not necessarily lead to a dismissal of the action. While the cause of action was assigned by operation of law and the legal title to the cause of action was vested solely in the carrier, the injured person still had an interest in the cause of action. She will be entitled to receive from the compensation carrier two thirds of the surplus of any recovery against the third party, in excess of the amount expended by the carrier for workmen's compensation benefits and for the expenses of effecting the recovery. In this special situation, it has been held that the workmen's compensation carrier may be substituted as the plaintiff in an action brought by the injured person, upon appropriate motion, even though the Statute of Limitations had run against a new action by the carrier (*Weldon* v. *United States*, 65 F. 2d 748, cited with approval in *Van der Stegen* v. *Neuss, Hesslein & Co.*, 270 N. Y. 55, 61; *Wilton* v. *Radish*, 266 App. Div. 974, 267 App. Div. 970; *Farrell* v. *American Beverage Corp.*, 203 Misc. 330).

No such motion has been made in this case and we do not now undertake to pass upon the propriety of such a motion but we direct the attention of the plaintiff's attorney to this line of authorities, so that he may take such action as he thinks proper.

The order appealed from should be reversed and the motion by the defendant-appellant should be granted, without costs.

Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.

Order reversed and motion for leave to amend answer granted, without costs.