Frank Del Vecchio, J.
This is a motion to dismiss the complaint in the above-entitled action upon the ground that the claim has been assigned by operation of section 29 of the Workmen’s Compensation Law to the New England Insurance Company and that plaintiff is therefore not the real party in interest.
On the argument plaintiff’s attorney conceded the assignment but made a cross motion to substitute the insurance carrier in place of the individual plaintiff.
The cause of action alleged in the complaint arose on October 15, 1953, approximately three years and three months prior to the motions. Plaintiff relies however upon Lehman v. Hartke (286 App. Div. 661, 665) which is authority that “ the workmen’s compensation carrier may be substituted as the plaintiff in an action brought by the injured person, upon appropriate motion, even though the Statute of Limitations has run against a new action by the carrier.”
Defendant’s brief contains arguments questioning the wisdom of the Lehman decision, pointing out that the injured employee may receive only two thirds of any recovery in excess of the payments already made by the carrier and that his interest is contingent in nature since the carrier may settle the action for the amount of its payments if it so elects.
These arguments do not serve to weaken the Lehman holding in the opinion of this court. On the contrary, since the injured employee does have an interest — partial and contingent though it may be — in any recovery in excess of payments made by the carrier which might be received, there is a sound basis for permitting a continuance of the action commenced by him within the statutory time limited, substituting the carrier as plaintiff therein.
The motion to dismiss the complaint is therefore denied and the motion to substitute the New England Insurance Company in place of the plaintiff Leonard Marmet is granted.
Order accordingly.