Marcus G. Christ, J.
This is a motion by plaintiff to strike out four counterclaims by third-party defendant as not properly interposable in the action.
The plaintiff husband abandoned his wife, the third-party defendant, in New York and procured a Florida divorce. The wife does not know the husband’s whereabouts. After his ■ departure the wife withdrew from their joint savings account in the defendant’s savings and loan association approximately $16,000. Plaintiff claims he had instructed the association to pay only on both signatures and sues it to recover one half of the original account. The counterclaims of the wife set up claims which she has against her husband. The objection is based on subdivision 3 of section 193-a of the Civil Practice Act which permits a counterclaim by the third-party defendant, only after the plaintiff amends his complaint to assert a claim directly against the third-party defendant. The counterclaims as such are invalid since no affirmative judgment may be had against the husband plaintiff. However, the matters set forth constitute good affirmative defenses and offsets (Psaty & Fuhrman v. Continental Cas. Co., 278 App. Div. 159; Marrone v. Johnson & Sons, 283 App. Div. 1114).
Under rule 54 of the Buies of Civil Practice the wife is required to answer not only the association but the husband as well. This she has done. Section 264 of the Civil Practice Act gives broad powers to determine controversies between parties but since section 193-a is specific it would control to bar the counterclaims.
The defendant association joins with the wife in opposing the motion. Plaintiff’s unilateral attempt to change the legal effect of a joint account would appear ineffectual. In any event, it does not follow that plaintiff automatically is entitled to one half of the account. If he succeeds in going behind the face of the account, a full exploration of the title to the money is unavoidable.
Lastly, this attack on a third-party defendant’s counterclaim is no different than an attack on a defendant’s counterclaim. Under subdivision 4 of rule 1101 this motion made more than 20 days after service of the answer is untimely. However, in view of the fact that the wife, third-party defendant, may not make *895 a counterclaim against the plaintiff who makes no claim against her, the lateness of the motion should he disregarded and the prayer for relief in the counterclaim corrected so as to eliminate the demand for an affirmative judgment against the husband. Motion granted to the extent herein indicated.
Settle order.