Lloyd I. Herzka, J.
Defendant moves to dismiss the complaint because of plaintiffs’ failure to appear for examination before trial. Plaintiffs cross-move to amend the complaint and to add a party defendant.
The present complaint sets forth an action to recover the sum of $8,000 on a loan made to the defendant. The defendant has served an answer in which he sets forth the defense of payment and usury. Plaintiffs have also served a reply to the answer which in substance denies its allegations. Motions have been made requiring the parties to appear for examinations before trial and for the plaintiffs to serve a bill of particulars. The defendant has appeared for examination. Plaintiffs now urge that a proper examination before trial could not be conducted of the defendant since the original pleading limited the scope of the examination and accordingly it is necessary to expand and amplify the pleading so that it sets forth all the necessary facts. The proposed amended complaint expands the one cause of action of the original complaint and sets forth an additional cause of action against the defendant and the party sought herein to be added as a defendant and another cause of action solely as against the latter.
Under the liberal provisions of section 105 of the Civil Practice Act, the court in its discretion, may allow the amendment of a pleading if the rights of the opposing party are not materially affected to his prejudice (Drescher v. Mirkus, 211 App. Div. 763) so that the parties may place their pleading in such shape as to permit them to litigate all questions affecting their rig’hts (Bendan Holding Corp. v. Rodner, 245 App. Div. 723). It would be, however, an abuse of discretion if the amendment herein would be permitted without imposing terms upon the plaintiffs.
From the affidavits submitted in behalf of the plaintiffs, it is' apparent, that prior to the examination before trial of the defendant, the associate counsel for plaintiffs’ attorney who is conducting the litigation herein became aware of all the facts set forth in the affidavits submitted in behalf of this motion. Instead of immediately moving for the amendment of the pleading plaintiffs’ counsel proceeded with the examination before *527 trial and “ attempted to conduct the examination in such a manner as would elicit the facts which would enable the plaintiffs to properly prepare for trial.”
Having failed in this attempt they now seek the amendment so that they may “ adequately prepare for trial (and) conduct a proper examination before trial.”
Under these circumstances plaintiffs should be compelled to reimburse the defendant for additional labor and expense devolved upon him by reason of the amendment. In my opinion, the only just terms under the facts herein presented, are imposition of a full bill of costs to date upon the plaintiffs.
Accordingly plaintiffs’ motion is granted upon condition that they pay to the defendant a full bill of costs to date within 20 days after the entry of the order herein. In view of the disposition herein defendant’s motion to dismiss the complaint is denied without prejudice. Settle order on notice.