Herbert D. Hamm, J.
The original motion is a motion by the plaintiffs for leave to file notices of claim against the County of Ulster and the Town of Wawarsing for injuries sustained by the above-mentioned infant plaintiff on April 30, 1955, and for leave to amend the complaint herein to add the names of the County of Ulster and the Town of Wawarsing as defend *977 ants and to serve a supplemental summons on the added defendants. The motion is denied (Matter of Brown v. Board of Trustees of Hamptonburg School Dist., 303 N. Y. 484).
The defendant has cross-moved to amend its answer. As stated, the accident occurred on April 30, 1955. Timely notice of claim against the defendant village was served on July 25, 1955. The accident occurred on a bridge known as the Clinton Avenue bridge. The complaint alleged the defendant’s control of the bridge and the duty of the defendant to keep the bridge in a safe and proper condition. In its answer served on January 21, 1956, the defendant admitted such control and such duty. The defendant now seeks more than two years later to amend its answer so as to deny any control or duty. The answer was submitted by the village attorney. No excuse is offered for failure to deny the plaintiff’s allegations except that through a later investigation by the village attorney and from the defendant’s oavii records it Avas ascertained that the defendant allegedly had no authority to maintain or control the bridge. The answer of the defendant cannot now be amended by Avithdrawing its admission and entering a denial to show that it is not responsible for the injuries suffered where the defendant has waited until the plaintiff has lost his right to proceed against other municipalities which may be responsible. Moreover, no reason is given for its omission to discover the alleged facts on which it noAv seeks to rely and for its waiting more than three years after the accident happened before moving to amend. The alleged facts that the defendant village now seeks to invoke should have been known to it at the time the original ansAver was served. The cross motion is denied (Levy v. Delaware, Lackawanna & Western R. R. Co., 211 App. Div. 503; Drescher v. Mirkus, 211 App. Div. 763; Jennings v. Perkims, 277 App. Div. 1143; Rosenfeld v. Parbrook Constr. Co., 280 App. Div. 944).
Submit order to Troy on three days’ notice. The motion papers will be for Avar ded with the signed order.