Frank A. Gulotta, J.
As the result of an automobile accident which occurred on February 21, 1956, plaintiff, a passenger in the automobile of the defendant Noto, sues the latter and the operator of another car for personal injuries which she claims to have sustained because of the negligence of both.
Insofar as the defendant Noto is concerned, issue was joined on February 27, 1958, by the service of an answer which merely denied the material allegations of the complaint. Thereafter a statement of readiness and a note of issue were filed noticing the case for the October 1958 Trial Term of this court.
-Now, more than two years after the case has been noticed for trial and five years after the event, said defendant seeks leave of this court to be permitted to serve an amended answer setting forth as a separate and complete defense subdivision 6 of section 29 of the Workmen’s Compensation Law.
The moving papers on this motion consist of the attorney’s affidavit and a proposed amended answer. While such an affidavit may be sufficient to support a motion when defenses sought to be interposed are legal in nature only (Merker v. Merker, 8 A D 2d 706), where the amended pleading springs from a factual situation such as whether there existed between these parties the relationship of employer-employee, an affidavit by the party having knowledge of those facts should be submitted (Fitzgerald Bros. Constr. Co. v. State of New York, 188 Misc. 940).
Aside from this deficiency, to permit the amendment at this late date, assuming the facts to be so, would materially and seriously prejudice the rights of this plaintiff, for she is now barred from pursuing her rights and remedies as an employee (Workmen’s Compensation Law, § 28). The defendant has slept on his rights and cannot now be heard to complain. (Drescher v. Mirkus, 211 App. Div. 763.) In the exercise of discretion this motion is denied.