Bernard S. Meyer, J.
This motion is made by defendants Luck for permission to amend their answer to plead as an affirmative defense the fact that plaintiff was at the time of the accident a fellow employee of defendant Martin Luck, who was operating a car owned by defendant Frieda Luck in which plaintiff was a passenger. When the motion first came on, this court stated that it was ‘ ‘ constrained to grant the motion, unless it can be said that defendants are estopped from pleading it ’ ’ (Morris v. Luck, N. Y. L. J., Jan. 17, 1961, p. 15, col. 8). The matter was set for hearing on the question of estoppel, but it was noted that no prejudice could result if the employer waived his right to plead the bar of the limitation period provided by section- 28 of the Workmen’s Compensation Law. *832 Plaintiff has now produced correspondence indicating that the employer will not waive that defense. Plaintiff’s attorney admits, howevei', that plaintiff can offer no testimony showing affirmative acts by defendants amounting to an estoppel. Nonetheless, plaintiff’s attorney urges that defendants should not be granted permission to raise the defense because their failure to assert the defense was conduct which resulted in plaintiff’s failure to make a compensation claim which is now barred by limitations. While, in effect, this is merely a reargument. of the original motion, the court, since it had not stated the reasons for its views in the original memorandum, allowed the filing of briefs by both sides, and has considered the matter anew. Buck reconsideration has not changed the court’s view. A short-form order has, therefore, been signed granting permission to serve the amended answer, with which this further memorandum is also being filed.
Subdivision 6 of section 29 of the Workmen’s Compensation Law provides that: “The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.” Prior to the addition of that sentence to the compensation law, an owner of a vellido was responsible for injury inflicted through his negligence even though the injured person was a fellow employee. (Judson v. Fielding, 227 App. Div. 430, affd. 253 N. Y. 596 ; see Rauch v. Jones, 4 N Y 2d 592, 595.) But, since the adoption of chapter 695 of the Laws of 1934, which in clear unequivocal language makes compensation “ the exclusive remedy to an employee ” injured by the negligence of another in the same employ, a person so injured has liad no right to maintain an action for common-law negligence against his fellow employee. (See Liston v. Hicks, 243 App. Div. 159, affd. 269 N. Y. 535 ; Rauch v. Jones, supra.) Thus at the time plaintiff herein was injured, he was entitled to compensation and to maintain a common-law action against the codefendant Mitchko but had no cause of action against his coemployee Luck.
Defendants Luck argue that they must be permitted to amend because until the decisions of the Court of Appeals in Rauch v. Jones (supra) and Naso v. Lafata (4 N Y 2d 585) which held that subdivision 6 of section 29 of the Workmen’s Compensation Law barred derivative action against the vehicle owner under sections 59 and 59-a of the Vehicle and Traffic Law as well as action against the coemployee, the defense was not available to them. The argument is fallacious. Not only were there *833 a number of conflicting rulings (see cases cited 4 N Y 2d, p. 595) on the questions prior to the Rauch and Naso cases, but the bar arises from the statute, not from the decisions construing it. Nonetheless, defendants must be permitted to plead the defense, in the absence of conduct creating an estoppel, unless their mere inaction is to be construed to create a cause of action which by express legislative decree has been taken away. As stated by the Court of Appeals in the Naso ease, at pages 590 and 591: “To impose liability upon Lafata, Jr., by virtue of section 59 of the Vehicle and Traffic Law, would be to disregard an express legislative prohibition, viz., that the 1 exclusive remedy ’ of an employee injured in the course of his employment by the negligence of a fellow employee is workmen’s compensation (Workmen’s Compensation Law, § 29, subd. 6). It is not merely that the negligent employee is made immune from suit, but rather that the injured employee is precluded from proceeding in any manner other than under the Workmen’s Compensation Law. The reason for this complete prohibition becomes apparent when it is remembered that the owner of an automobile, held liable under section 59 of the Vehicle and Traffic Law for the negligence of one whom he has permitted to operate his vehicle, may have recovery over against the actively negligent operator (Traub v. Dinzler, supra ; Gorham v. Arons, supra). Were we to allow plaintiff, under the present circumstances, to recover against the owner of the automobile, Lafata, Jr., then, under the rule set forth in the Traub and Gorham cases, Lafata, Jr., would be entitled to recovery over against plaintiff’s fellow employee, Lafata, Sr., the negligent operator of the vehicle. Under such a holding the fellotv employee would be afforded less than complete protection, and the legislative purpose in adopting subdivision 6 of section 29 of the Workmen’s Compensation Law would, thereby, be thwarted. Thus the Legislature, with a view of freeing the felloto employee from liability under all circumstmces, used the language it did and limited the injured employee’s remedy to workmen’s compensation.” (Emphasis supplied.) (See, also, Rauch v. Jones, supra, p. 596 ; Roberts v. Gagnon, 1 A D 2d 297, 301.)
The defense that compensation is the exclusive remedy and that this court is, therefore, without jurisdiction of the subject matter of the action can be raised under rule 107 of the Rules of Civil Practice (Newman v. Robins Dry Dock & Repair Co., 117 Misc. 426, revd. on other grounds 201 App. Div 861 ; see Sweet v. Board of Educ., 290 N. Y. 73 ; Carriero v. Iovino, 281 App. Div. 1052) and under that rule a motion raising the defense may be served “ at any time prior to trial.” That defendants, *834 recognizing that the defense raises an issue of fact requiring trial, are willing to defer litigating the question until trial, rather than seek earlier determination of the issue under rule 108 of the Eules of Civil Practice, cannot deprive them of the defense, which is jurisdictional (Ritornato v. Schuth, 278 App. Div. 996).
The fact that the defense is jurisdictional distinguishes cases, such as Jacobs v. Mexican Sugar Refining Co. (115 App. Div. 499, 502), holding that a party seeking to amend must either show that the facts were not known to him at the time he originally pleaded, or, if they were known to him, must set forth facts satisfactorily excusing his failure to set them up. Eeadily distinguishable also are cases in which defendant was prohibited, because of his delay to plaintiff’s prejudice, from pleading the provisions of subdivision 1 of section 29 of the Workmen’s Compensation Law assigning the third-party action to the compensation carrier if the employee does not commence his own action within six months (Rosenfeld v. Parbrook Constr. Co., 280 App. Div. 944 ; Zulinsky v. Bradford, 279 App. Div. 765 ; Morey v. City of Rochester, 274 App. Div. 969 ; Massi v. Alben Bldrs., 270 App. Div. 482, affd. 296 N. Y. 767) as well as cases in which after expiration of the time within which to sue a third person, defendant sought to set up as a defense the fact that not he but the third party owned and controlled the premises (Drescher v. Mirkus, 211 App. Div. 763 ; Avery v. Village of Ellenville, 11 Misc 2d 976), or operated and controlled the railroad or automobile involved (Luback v. Hirsch, 232 App. Div. 691 ; Levy v. Delaware, Lackawanna & Western R. R. Co., 211 App. Div. 503) for in each of those cases defendant’s delay prejudiced plaintiff’s recovery on an existing cause of action, while in the instant case, by legislative fiat, the injury complained of never gave rise to a cause of action against defendants Luck. Plaintiff also cites Jones v. 416 Pleasant Ave. Holding Corp. (280 App. Div. 774) and Jennings v. Perkins (277 App. Div. 1143), but the reports of those cases do not indicate, and plaintiff has not taken the trouble to ascertain from the record on appeal and advise the court, what the defenses sought to be pleaded in those cases were. Since the Jones case contains no citations and the Jennings case cites only cases hereinabove distinguished on their facts, the court assumes that both J ones and Jennings may likewise be distinguished.
It may be noted that in both Mitchell v. A. A. Truck Renting Corp. (9 A D 2d 682) and Bonsignore v. L & D Carriers (24 Misc 2d 500) amendments to plead subdivision 6 of section 29 of the Workmen’s Compensation Law were allowed. While *835 both decisions touch upon laches and neither is based on the jurisdiction argument advanced by this memorandum, nothing in either decision is inconsistent with the conclusion here reached. The only decision found which denies a subdivision 6 amendment is Maier v. Lewis (28 Misc 2d 537) which relied on Drescher v. Mirkus (supra). For the reason noted in distinguishing the Drescher case, the court declines, respectfully, to follow the decision in Maier v. Lewis.
Finally, a word should be said concerning plaintiff’s claim of prejudice and the court’s earlier action in setting the matter for hearing on the issue of estoppel. The only prejudice claimed by plaintiff is that it is now too late to file a compensation claim; plaintiff’s failure to make such a claim, it is said, resulted from defendants’ failure to plead the statute. It is not contended, nor could it be, that defendants were under any obligation to point out to plaintiff his rights under the compensation law. Plaintiff was, of course, free to claim and receive compensation without prejudice to any third-party right of action he had. Unless, therefore, defendants by some affirmative conduct amounting to estoppel dissuaded plaintiff from claiming compensation, it is difficult to find any prejudice to plaintiff in the instant case. Whether, if such affirmative conduct existed, the court could, nothwithstanding the jurisdictional nature of the defense, refuse in the exercise of discretion to allow the amendment, or would have to relegate plaintiff to a separate action based on the affirmative conduct was not decided in the previous memorandum and, in view of plaintiff’s failure to submit any proof though given that opportunity, need not be decided in this memorandum. That the matter was set for hearing on the question of estoppel and that estoppel is discussed in this memorandum is not intended to be a determination of the effect of estoppel had it been found to exist.