■ ARTHUR J. MINASY, Respondent, v. FOSTER WHEELER CORPORATION, Appellant.— "The general policy of the law is to permit amendments at any time before * * * trial * * * where no prejudice will result." (4 Carmody-Wait, New York Practice, § 26, p. 568.) Under the circumstances here, defendant's alleged laches should not defeat the application to amend his answer to set forth the proposed defense of the Statute of Frauds, the plaintiff at all times being fully aware of the facts constituting the alleged basis of such defense and no prejudice to him being shown. (See 4 Carmody-Wait, New York

Practice, § 26, pp. 568–571; also *Mitchell* v. *A. A. Truck Renting Corp.*, 9 A D 2d 682; *Dodge* v. *Richmond*, 6 A D 2d 1029; *Lehman* v. *Hartke*, 286 App. Div. 661; *Karp* v. *Antelman*, 285 App. Div. 955; *Muller* v. *City of Philadelphia*, 113 App. Div. 92.) Terms, by way of payment of costs to date, should, however, be imposed as a condition of allowing the amendment (see 4 Carmody-Wait, New York Practice, §§ 27–28, pp. 571–575). We do not pass upon the sufficiency of the proposed defense. (See 4 Carmody-Wait, New York Practice, § 25, p. 566; also *Lehman* v. *Hartke*, *supra*; *Bendan Holding Corp.* v. *Rodner*, 245 App. Div. 723; *Cohen* v. *Dana*, 273 App. Div. 1017; *Anderson* v. *New York Cent. R. R. Co.*, 284 App. Div. 64, 65 and cases cited.) Settle order on notice. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.