Louis G. Bruhn, J.
This is a motion on behalf of the defendant, C. M. Gridley & Son, Inc., for an order compelling the plaintiff to accept its amended answer.
The above-captioned action was started by the service of a summons on October 10, 1960; a notice of appearance served by the defendant on December 5, 1960; a complaint served on or about December 23, 1960 and answer interposed on or about April 4, 1961.
This defendant claims that its rights may be prejudiced if it is not permitted to plead the defense of workmen’s compensation since if it is established that the plaintiff and the operator of its crane were fellow employees, the plaintiff’s sole remedy would be in accordance with subdivision 6 of section 29 of the Workmen’s Compensation Law.
The plaintiff in turn complains that the defendant has been guilty of laches and should therefore now be estopped from asserting such defense.
If the plaintiff’s sole objection were limited to laches it might well be that it would be insufficient particularly since the defense sought to be asserted would deprive the court of jurisdiction and under rule 107 of the Buies of Civil Practice can be asserted “ at any time prior to trial.” (Morris v. Luck, 28 Misc 2d 831.)
A more cogent objection, which directs its attention to the sufficiency of the defendant’s moving affidavit as well as to the sufficiency of the defense itself, is advanced by the defendant.
While it is true that the only affidavit submitted by the defendant is that of its attorney that also alone, might not preclude the granting of the defendant’s motion particularly since the company also submitted examinations before trial of the plaintiff, his superintendent and the crane operator. (Di Sabato v. Soffes, 9 A D 2d 297, 307.)
However, a more persuasive argument for denial is involved in the question of the sufficiency of the defense as a matter of law.
*1045 This court is mindful of the fact that a policy of liberality should prevail on motions of this type and that ordinarily the sufficiency of the amendment will not be determined. (Gedney v. Diorio, 190 App. Div. 85.)
Such policy is not without its limitations and must yield when it can be said as a matter of law that the amendment cannot avail. (Lo Verde v. Four Sixty-Nine Realty Corp., 47 N. Y. S. 2d 859, affd. 269 App. Div. 692, affd. 295 N. Y. 585.)
Equating the defendant’s proposed amendment in the light of this latter principle we must first look to the examination before trial of the plaintiff, pages 14 through 19, since such is the source directed by the defendant’s brief to sustain its proposed amendment.
The most favorable conclusion which can be drawn from such testimony is that the plaintiff hooked the cable to the truss and gave the operator a signal to lift the boom at the time of the alleged accident.
Since the true test for the creation of the relationship sought to be established by the defendant is one of general control it must be held, as a matter of law, that such limited participation on behalf of the plaintiff falls considerably short of accomplishing the defendant’s objective. (McNamara v. Leipzig, 227 N. Y. 291; Bartolomeo v. Bennett Contr. Co., 245 N. Y. 66; Ramsey v. New York Cent. R. R. Co., 269 N. Y. 219; Bird v. New York State Thruway Auth., 14 A D 2d 484, affd. 11 N Y 2d 904.)
In the Bartolomeo case (supra) which cited the McNamara case (supra) with approval and which factually seems on all fours with the instant case, the court stated (pp. 69-70): “ The Powers-Kennedy Company, after the shovel had been placed upon the work, directed the engineer of the shovel where to make excavations. It gave no directions as to the details of the work, such as firing the boiler, regulating the steam pressure, applying the levers to start mid stop the machinery, maneuvering the boom and bucket, oiling the machinery or giving care to the steam shovel to keep it in working order. * * *. When originally employed the engineer and fireman subjected themselves to the orders of the defendant in respect to all such matters and became liable to discharge at the defendant’s hands if its orders were disobeyed. In the absence of proof that the defendant, the general employer, surrendered control, in these respects, to the Powers-Kennedy Company, as special employer, it must be presumed that the defendant’s power of control continued. (Charles v. Barrett, 233 N. Y. 127.) The party possessing the power to exercise such control, rather than the party having *1046 authority to designate the place and time for the performance of the work, is the master who must respond for the negligence of the servants.” (Italics supplied.)
Again in the Ramsey case (supra, p. 224) substantially similar factually to the instant case, the court stated: “ it seems clear that the crane operator at the time of the accident was the servant of the respondent and not the servant of the Kenmore Company. The direction and control remained with the respondent. It had the ‘ supreme choice ’. The operator of the crane represented its will in the ultimate result of his work and in all of its details. The fact that the employees of the construction company helped in the work and gave directions from time to time as to details did not change the relationship and make the operator of the crane the special servant of the construction company.” (Italics supplied.)
Therefore, in view of such determinations by our highest court, the inevitable conclusion flows, that the proposed amendment, as a matter of law, is insufficient and for that reason the defendant’s motion is denied.