James S. Brown, Jr., J.
Motion by the attorneys for defendant Meteor Trucking, Inc., for leave to withdraw from the defense of this action.
This is an action for wrongful death and conscious pain and suffering arising out of the death of an infant who suffocated in an unused refrigerator that was allowed to stand on defendant’s premises without the door being removed as is required by law.
The accident occurred on June 4, 1961, and an administratrix was appointed on July 7, 1961. A summons was served which had upon its face the date October 25,1961.
This summons lists only one defendant, Meteor Trucking, Inc., in its title and written under defendant’s name in the title is the following: “ Serve John Bruno 65 Daniel Rd. Massapequa (This is his home address) ”. The plaintiffs’ attorney claim John Bruno was served personally on November 7, 1961 with the afore-mentioned summons and on November 20, 1961, an appearance was put in by Glatzer, Glatzer & Evans, for the defendant corporation. On November 27, 1961, the plaintiffs served a verified complaint whose title lists Meteor Trucking, Inc., John Bruno and Bruno’s Gulf Center, Inc., as defendants. The complaint charges these defendants with negligence. Exhibit “ C ” of the moving papers contains the attorney’s notes on its face: “ Ans for Meteor only ”. The said attorneys served an answer on December 7, 1961 for Meteor Trucking, Inc. The case was noticed for trial in May of 1962 and was stricken from the calendar one year later for failure to file a statement of readiness. It has been restored to the calendar and a statement of readiness has been filed. It appears that the usual pretrial procedures have been completed with the exception of the examination before trial of John Bruno for whom no appearance has been made to date.
In April of 1963, defendant’s attorneys by affidavit stated that they had just been apprised of the fact that the corporate *194 defendant was not insured by their employing carrier. They immediately notified the plaintiffs of this fact by phone and also by letter on May 7, 1963. Prior to April, 1963, defendant John Bruno was indicted for manslaughter arising from this accident. He defaulted on his bail and is presently a fugitive.
Plaintiffs oppose this motion on the grounds that the answer and continuing defense in this matter has prejudiced the plaintiffs and has misled them to their detriment for at this time John Bruno, who was available for service from November of 1961 until February, 1962 cannot be located. In addition, at the time that the defendant’s attorneys notified the plaintiffs that there was no coverage for the corporate defendant the Statute of Limitations on the wrongful death action had only two months to run, and has since then expired.
The moving affidavit by Lawrence E. Keper, an officer of the managing agent of the United States Liability Insurance Company, the carrier employing defendant’s attorneys admits the receipt of the summons in the corporate name and a direction to the attorneys to defend. Movants’ reply affidavits contain exhibits indicating a policy with the individual J. Bruno. The original summons listing one named defendant was clear as to defendant’s entity, to wit, a corporation. Tet said carrier’s agent authorized an appearance and defense of this action. It is difficult to comprehend the failure of the carrier or its attorneys to check the coverage herein and to accept that the carrier or its attorneys in reviewing their files, in setting up reserves and in the general routine of a casualty insurance office could allow 16 months to elapse before discovering their error. It is difficult to understand how the attorneys for the defendant or the carrier, upon seeing the individual defendant, their insured, listed in the complaint as one of the defendants, still said nothing.
In Drescher v. Mirkus (211 App. Div. 763), which presented a similar situation, the Appellate Division in reversing an order which granted defendant’s motion for leave to amend his answer, had this to say :
“ The complaint alleged that the defendant was the owner of the premises and in control thereof. The verified answer of the defendant specifically admitted such ownership and control, denying only the charge of negligence.
£ £ The case was put on the calendar, and more than two years after joinder of issue and about a month before the case would be reached for trial, the defendant moved to amend the answer by withdrawing the admission of ownership and control, upon the ground that the defendant had overlooked the legal import *195 of the answer, and alleging that as a matter of fact the defendant occupied the premises under a lease, which lease was assigned prior to the date of the accident; that defendant thought at the time he was served with the summons that he was covered by insurance, and forwarded the papers to his brokers who forwarded them to the insurance company, whose attorneys prepared the answer, but that on ascertaining that the policy of insurance had been canceled prior to the accident, the company had disclaimed liability.
“ The plaintiff now shows that it is too late to proceed against any other party because of the Statute of Limitations. It, therefore, is clear that the motion has been granted to the extreme prejudice of the plaintiff. The plaintiff cannot be deprived of his cause of action through the mistake and negligence of the defendant, upon the payment of costs by the latter. ’ ’
The defendant having undertaken this defense and having continued same from November 20, 1961 to date and having caused the plaintiffs to believe that they had served the carrier’s insured should not be allowed to summarily withdraw from this case. Motion denied.