(June 24, 1964)

■ CHARLES L. VAN WIE, JR., Respondent, v. C. M. GRIDLEY & SON, INC., Defendant-Appellant and Third-Party Plaintiff. CARTWRIGHT & MORRISON, INC., Third-Party Defendant.

HAMM, J. The plaintiff-respondent was in the general employ of Cartwright & Morrison, Inc., the third-party defendant, mentioned hereafter as Cartwright. The status of Cartwright as third-party defendant is not pertinent to the order under review, the issue is between the plaintiff-respondent and the defendant-appellant C. M. Gridley & Son, Inc. Cartwright hired from the defendant a crane together with an operator and an oiler. The plaintiff sustained injuries through the alleged negligent operation of the defendant's crane by the defendant's crane operator. The defendant applied for leave to serve an amended answer alleging that the crane operator was a special employee of Cartwright at the time of the accident and that hence the plaintiff's exclusive remedy was under the Workmen's Compensation Law.

Special Term correctly decided that the motion for leave to amend could be made at any time prior to trial as the defense was such that it would, if established, deprive the court of jurisdiction of the subject matter of the action (Morris v. Luck, 28 Misc 2d 831).

The court recognized that, unless the insufficiency of a pleading is clear on its face and free from doubt, a defendant ordinarily should have an opportunity to assert its defense. Here the proposed amendment was manifestly good. The court, however, did not confine its examination of the proposed amendment to its legal sufficiency as a pleading but evaluated the examinations before trial of the plaintiff, the plaintiff's supervisor and the crane operator and concluded as a matter of law that the defendant could not succeed. On this motion, which went to jurisdiction and on which, as Special Term correctly determined, the issue of unreasonable delay could not be considered, the defendant was not burdened with disclosing its evidence so as to establish a prima facie case. "The fact that leave to amend is given does not adjudicate as to the materiality or the effect of the evidence to be offered under the proposed amended answer." (Gillette v. Allen, 269 App. Div. 441, 449.) Moreover, the determination of who is the master at a particular time is largely factual to be tried before a jury under instructions from the court on the legal principles applicable. At the conclusion of the trial it may quite conceivably become a question of law but at the trial the defendant's proof will not be limited to the testimony of the plaintiff and of the two witnesses whose depositions were taken. Even if it be assumed that the depositions, standing alone and at this posture uncontradicted by any other evidence, are conclusive that the defendant's proposed amendment is factually insufficient as a matter of law, nevertheless the depositions provide insufficient basis for

present denial of the motion in the absence of further evidence that may be introduced at the trial as we think that it cannot be decided that the amendment is of no avail until a trial has been had to determine all of the facts.

Order reversed, on the law and the facts, and motion granted, without costs. Herlihy, J. P., Reynolds, Taylor and Aulisi, JJ., concur. [36 Misc 2d 1043.]