Frank Composto, J.
Plaintiff alleges she was injured in defendant’s building on December 12, 1961. A complaint was served on the defendant in February, 1963, alleging in substance *274 that while a tenant in said building she sustained injuries when struck by a falling ceiling.
On April 30, 1963, an answer was interposed consisting of a general denial.
Defendant now moves (Aug., 1964) for leave to amend its answer so as to allege as an affirmative defense the pertinent provisions of Workmen’s Compensation Law which would bar the instant lawsuit by reason of the fact that plaintiff at the time of the accident was employed by the defendant as a janitor or superintendent.
Defendant through its attorney’s affidavit plaintively informs the court that ‘£ it is regrettable that at the time of the drafting of the original answer, your deponent’s office was not made aware of the fact that the plaintiff was the defendant’s superintendent ’ ’. The affidavit further alleges that if the amendment is not permitted the defendant will be prejudiced while “ the plaintiff on the other hand will not be prejudiced by the amendment. If the defense is a proper one then the plaintiff still has a remedy under the Workmen’s Compensation Law.”
Certainly, if interposed timely, it would be a valid defense.
Defendant further urges on the court the direction of CPLR 3025 (subd. [b]) that “ Leave [to amend] shall be freely given upon such terms as may be just including the granting of costs and continuances.”
This direction does not preclude the exercise of discretion. What terms could this court impose that ‘ ‘ may be just ” if it granted the motion and permitted the amendment?
More than two years have elapsed since the date of the accident. Contrary to the statement in the defendant’s affidavit that the plaintiff still has a remedy under the Workmen’s Compensation Law, the fact is that the Workmen’s Compensation Law bars the right to claim compensation unless a claim for compensation shall be filed within two years. (Workmen’s Compensation Law, §§ 28, 29.)
Plaintiff’s right to a claim in compensation is irretrievably gone.
This court may not indulge in “liberality of construction” if by doing so it will unduly prejudice one of the litigants. (Rosenfeld v. Parbrook Constr. Co., 280 App. Div. 944; Zulinsky v. Bradford, 279 App. Div. 765.)
To allow the interposition of the affirmative defense would be an improvident abuse of discretion. (Jennings v. Perkins, 277 App. Div. 1143; Maier v. Lewis, 28 Misc 2d 537; Drescher v. Mirkus, 211 App. Div. 763.) Motion denied.