Glare J. Hoyt, J.
Defendants Borg-Warner Corp. and Norge Sales Corp. have served a third-party summons and complaint on the third-party defendants Rheem Manufacturing Co. and Robertshaw-Fulton Controls Co., alleging a right of recovery on the theory of common-law indemnity from the third-party defendants in the event plaintiffs recover in the main action from the defendants-third-party plaintiffs. Although the third-party defendants are named in the title of the main action they have never been served. An earlier third-party action between the same parties was commenced in October of 1965 after the defendants-third-party plaintiffs had been served in the main action. The third-party summons and complaint were identical with the third-party summons and complaint served in the pending third-party action save for the dates each was issued. The first third-party action was dismissed by order entered July 18, 1967 by reason of the dismissal of the main action as to the third-party defendants. Both third-party defendants had 'moved for dismissal of the main action as to them on the ground of plaintiffs’ unreasonable neglect to prosecute. The court granted their motions — even though they had not been served in the main action — because the third-party defendant had the right to assert any defense or make any motion against the main action that the defendants-third-party plaintiffs could assert even though the defendants-third-party plaintiffs failed to seek such relief on their own behalf. (See CPLR 1008; Marrone v. Johnson & Sons, 283 App. Div. 1114; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1008.03, p. 10-131.). Thus, the plaintiffs ’ complaint was dismissed as to the third-party defendants even though the defendants-third-party plaintiffs had not been accorded similar relief. The practical effect of dismissal was to bar a recovery in the main action against the defendants- *456 third-party plaintiffs that would give rise to a right of indemnity. In short, the third-party action was over. Of course a dismissal for failure to prescute is not on the merits (CPLE 3126) and a dismissed action may be started anew by the service of a summons and complaint. Here, however, there is no reason for plaintiffs to start anew as to the defendants-third-party plaintiffs because the action is still pending. In effect the third-party defendants asserted rights held by the defendants-third-party plaintiffs as well as rights they held individually by moving for dismissal. The defendants-third-party plaintiffs could have sought the same relief but they failed to move for it so the only beneficiaries of the motion were the third-party defendants. The defendants-third-party plaintiffs ’ omission cannot prejudice the third-party defendants. For example, if a defendant-third-party plaintiff fails to assert the defense of workmen’s compensation to plaintiff’s claim and it is a good defense, the third-party defendant may assert it in his answer and prevail in,the suit even though a recovery is had by the plaintiff against the defendant-third-party plaintiff for want of defense (Marrone v. Johnson & Sons, supra). By the same token if the third-party defendant can procure a dismissal of plaintiff’s suit by motion then he can assert that right and prevail in the suit even though the defendant-third-party plaintiff has failed to do the same. That is exactly what has happened here and the result is that there is no viable claim between the plaintiffs and the defendants-third-party plaintiffs so far as the third-party defendants are concerned. As a result there is no claim against the defendants-third-party plaintiffs that can give rise to a right of indemnity. Accordingly the motions of the third-party defendants for a dismissal of the third-party actions are granted.