■ MARY RUGGIERO, Appellant, v. MARY FAULKNER et al., Respondents.— In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Richmond County, dated May 20, 1968, which granted defendants' separate motions for leave to amend their answers to include the affirmative defense of subdivision 6 of section 29 of the Workmen's Compensation Law, based on the fact that plaintiff and defendants were coemployees and that the accident occurred in the course of their employment. Order affirmed, on condition that defendants jointly first pay plaintiff's attorney a full bill of costs up to date, including $50 costs and disbursements of this appeal. While there was undue delay on the part of defendants in that their motions were made on the eve of trial — 3½ years after joinder of issue — the granting of the motions was nevertheless, proper, as plain-

tiff's exclusive remedy would be under the provisions of the Workmen's Compensation Law if the defense in question is established (*Dalton* v. *Michelin*, 18 A D 2d 1138; *Van Wie* v. *Gridley & Son*, 21 A D 2d 842; *Giliberti* v. *City of New York*, 23 A D 2d 666; *Smithline* v. *Ghessi*, 25 A D 2d 841; *Matter of Perez* v. *City of New York*, 26 A D 2d 541; *Malinka* v. *Mugavero*, 27 A D 2d 691; *Morris* v. *Luck*, 28 Misc 2d 831). Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.