■ HILDA CARRILLO, as Administratrix of the Estate of MAURO CARRILLO, Deceased, Respondent, v. GREENPOINT TERMINAL WAREHOUSE, INC., Appellant, et al., Defendants.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant Greenpoint Terminal Warehouse, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated May 28, 1969, as, on reargument, adhered to the original decision denying said defendant's motion for leave to amend its answer so as to include therein an affirmative defense that plaintiff's exclusive remedy is under the Workmen's Compensation Law. Order reversed insofar as appealed

from, on the law and the facts, without costs, and motion granted. The time within which said defendant may serve its amended answer is extended until 20 days after entry of the order hereon. Whether the defense will be effectual will depend on the proof at the trial (see *Mitchell* v. *A. A. Truck Renting Corp.,* 9 A D 2d 682, 683). The defense is jurisdictional (*Morris* v. *Luck,* 28 Misc 2d 831, 833–834) and in our opinion the moving affidavits provide an insufficient basis for denying the motion in the absence of further evidence that may be introduced at the trial (cf. *Van Wie* v. *Gridley & Son,* 21 A D 2d 842). Until a trial has been had to determine all the facts, we think it cannot be decided that the amendment is of no avail (cf. *Currie* v. *International Magazine Co.,* 256 N. Y. 106, 109–110). Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.