■ ROBERT M. LEWIS et al., Plaintiffs, v. BORG-WARNER CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. RHEEM MANUFACTURING Co. et al., Third-Party Defendants-Respondents, et al., Defendants.— On this appeal by the defendants-third-party plaintiffs from an order of the Supreme Court, Orange County, dated May 16, 1968, which granted the separate motions of the third-party defendants to dismiss the third-party complaint, the case was remitted to the Special Term, by order of this court, dated October 5, 1970, for a hearing to determine whether, on the facts of the case, there was a tolling of the Statute of Limitations under CPLR 207 and the appeal has been held in abeyance pending such hearing and determination (*Lewis* v. *Borg-Warner Corp.,* 35 A D 2d 722). Such hearing has been held and findings thereon have been submitted to this court by the Justice presiding at the hearing. Order modified, on the law and the facts, by adding thereto a provision that the decretal paragraphs, which grant the motions to dismiss the third-party complaint and direct entry of judgment dismissing the third-party complaint, etc., are operable only as against third-party plaintiff Norge Sales Corp. and that

the motions are denied as to third-party plaintiff Borg-Warner Corp. As so modified, order affirmed, without costs. The action is to recover damages for negligence and breach of warranty. The hearing conducted pursuant to our remission revealed that at the time of the commencement of the main suit herein against defendants Borg-Warner Corp. and Norge Sales Corp. the action was time-barred as against defendant Norge Sales Corp., as the latter had been regularly engaged in the transaction of business in the State of New York during the relevant periods. Since Norge was subject to suit within the State, there was no tolling and the applicable Statutes of Limitations had run as to Norge. But while Norge could have availed itself of the defense of the Statute of Limitations, the same could not be said for defendant Borg-Warner Corp., as the hearing disclosed that during the relevant period Borg-Warner could not, on any theory, be subject to personal jurisdiction in an action in New York at any time prior to the commencement of the main suit in May, 1965. Accordingly, as to Borg-Warner there was a tolling of the statute within the meaning of CPLR 207. Rabin, P. J., Hopkins, Munder and Benjamin, JJ., concur. Martuscello, J., dissents and votes to affirm the order, upon the opinion of the Special Term. [64 Misc 2d 454.]