■ JOHN S. BINGHAM, Appellant, v. ANTHONY BATTISTA, Respondent, et al., Defendants.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated April 27, 1970, which granted defendant Battista's motion for leave to amend his answer so as to include therein the defense that plaintiff is barred from prosecution of the action, under subdivision 6 of section 29 of the Workmen's Compensation Law. Order reversed, with $10 costs and disbursements, and motion denied, without costs. Defendant Battista's delay in making the motion effected a material and serious prejudice upon plaintiff, since the motion was made after plaintiff's right to seek workmen's compensation had become time-barred (*Maier* v. *Lewis*, 28 Misc 2d 537; *Brecher* v. *Brecher*, 27 N Y 2d 986). Martuscello, Acting P. J., Shapiro, Gulotta and Benjamin, JJ., concur; Christ, J., dissents and votes to affirm, with the following memorandum: A pleading may be amended at any time by leave of the court and leave shall be freely given upon such terms as may be just (CPLR 3025 subd. [b]; *McCabe* v. *Queensboro Farm Prods.*, 27 A D 2d 936). Motions to amend are addressed to the discretion of the court and are generally granted where no prejudice to the opposing party fairly attributable to the moving party is shown (*James-Smith* v. *Rottenberg*, 32 A D 2d 792). In the instant case, defendant Battista sought leave to amend his answer to plead the defense of the Workmen's Compensation Law. Plaintiff opposed the motion, arguing that his time to claim compensation had expired. The motion was granted and, I think, properly so. Nothing done by defendant Battista prevented plaintiff from filing a claim for compensation. At all times, plaintiff knew the circumstances of his claim and he was entitled to pursue his action against defendant Battista while preserving his compensation rights. If rights have been lost by plaintiff, he lost them by his own inaction and had no right to assume that a defense not asserted initially might not later be raised. I see no abuse of discretion at Special Term in granting the motion (*Morris* v. *Luck*, 28 Misc 2d 831).