■ JOSEPH P. MASOTTI et al., Respondents, v JAMES L. PETROZZA, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from so much of an order of the Supreme Court, Queens County, dated February 1, 1977, as denied his motion for leave to amend his answer so as to assert the defense of the Workmen's Compensation Law. Order affirmed insofar as appealed from, with $50 costs and disbursements (see *Brecher v Brecher,* 27 NY2d 986; *Bingham v Battista,* 38 AD2d 839). Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.

■ MADELINE J. MEDLAR et al., Respondents, v KENNETH H. ISCOL et al., Appellants.—In an action, *inter alia,* to recover damages based on an alleged conspiracy to injure the corporate plaintiff's business, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, entered January 6, 1977, as denied the portion of their motion which sought a protective order vacating Items Nos. 6, 7, 8, 13, 18, 19, 20, 21, 22 and 23 of the plaintiffs' amended notice for discovery and inspection. Order modified by adding thereto, after the word "denied", the following: "except as to items 13, 18, 19, 21, 22 and 23, which items are stricken from plaintiffs' amended notice for discovery and inspection". As so modified, order affirmed insofar as appealed from, without costs or disbursements. The complaint alleges a conspiracy by defendants to destroy the corporate plaintiff's business and property as a common carrier. Specifically, plaintiffs charge that the defendants sought to have the corporate plaintiff's license canceled by filing unwarranted objections with the FCC to the renewal of the license, spreading slanderous accusations about the corporate plaintiff and undermining it through harassment caused by one of the corporate defendants, a minority shareholder in the corporate plaintiff. However, Items Nos. 13, 18, 19, 21, 22 and 23 are totally irrelevant to the allegations in the complaint or the counterclaim of defendant Pintard Telephone Exchange, Inc., which charges the individual plaintiff with mismanagement and waste. These items would uncover the internal affairs of the defendants, an area which is not germane to the issues raised by the complaint or by the counterclaim. We allow Item 20 of the plaintiffs' notice for discovery and inspection, which seeks "all audited financial statements, including balance sheets and income statement" of the corporate defendants prepared since August 1, 1973 since defendants, in their reply brief, have agreed to "produce copies of financial statements filed with the PSC and FCC since 1972." Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.