EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN & another *vs.* FORD MOTOR COMPANY & another.

Suffolk. February 4, 1957. — March 1, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Equity Jurisdiction*, Declaratory relief. *Declaratory Judgment. Equity Pleading and Practice*, Appeal, Judicial discretion, Declaratory proceeding. *Workmen's Compensation Act*, Action against third person.

An appeal from the final decree in a suit in equity for declaratory relief brought to this court the question of discretion whether such relief should be granted. [506]

A question as to the effect upon the relation between a painter and his employer of a so called "waiver" of claims for injuries given by the painter to the proprietor of certain premises when the painter started to work there pursuant to a painting contract between his employer and the proprietor was determined in a proceeding under the workmen's compensation act wherein the painter was awarded compensation for an injury sustained while at work on such premises, and thereafter was not an appropriate subject of a declaratory decree. [506–507]

The right to bring an action under § 15, as amended, of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, against a third person legally liable for a compensable injury sustained by an employee passes to the employee and is lost by the insurer if compensation is claimed or received within six months after the injury and the insurer does not bring the action within nine months after the injury. [507]

An insurer under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, which by limitation of time had lost its right to bring an action under § 15 of the act against the proprietor of premises where a workman of its insured was injured while doing work pursuant to a contract between the insured and the proprietor, ought not to be granted declaratory relief as to the effect on its right to maintain such an action of a "waiver" of claims for injury given to the proprietor by the workman when he commenced his work. [508]

BILL IN EQUITY, filed in the Superior Court on June 7, 1955.

The suit was heard by *Beaudreau, J.*

The plaintiffs and the defendant Ford Motor Company appealed from a final decree dismissing the bill.

*Daniel A. Canning, (Bernard T. Loughran* with him,) for Employers Mutual Liability Insurance Company.

*Samuel P. Sears, (Lawrence R. Cohen* with him,) for the defendant Ford Motor Company.

*Charles E. Jellison,* for the defendant Schell.

SPALDING, J. This suit for declaratory relief comes here with a report of the evidence and findings of facts by the judge. The pertinent facts are these. John I. Hass Co., Inc., hereinafter called Hass, entered into a contract with Ford Motor Company, hereinafter called Ford, to paint the interior of Ford's plant in Somerville. On October 8, 1954, one Schell, an employee of Hass, reported for work at Ford's premises. Before entering, Schell was told by a guard to sign a document which was described by the guard as a "pass." The document was divided into two parts by perforations, and Schell, without reading them, signed both. The document was then separated and one portion entitled "personal pass" was given to Schell and the other portion entitled "waiver" was retained by Ford.[1] On October 21, 1954, while working at the Ford plant Schell was involved in an accident and sustained serious injuries.

Subsequently Schell made a claim for workmen's compensation. After a hearing before a single member a decision awarding Schell compensation was rendered on March 29, 1955. No claim of review was filed by the insurer within the time allowed by G. L. (Ter. Ed.) c. 152, § 8.

The bill, which is brought by Hass's insurer and Hass against Ford and Schell, asked for a declaration as to (1) the

---

[1] The waiver reads as follows: "In consideration of Ford Motor Company granting permission to enter its plant and properties, I hereby waive all claims for damage or loss to my person and property which may be caused by any act, or failure to act, of Ford Motor Company, its officers, agents or employees. I assume the risk of all dangerous conditions in and about said plant property and waive any and all specific notice of the existence of such conditions. I further release Ford Motor Company from all claims for damage or loss to my person or property which I may receive while exercising this license. It is further agreed that this license may be cancelled at any time without notice and that I will abide by all applicable Company rules and regulations. I have read the above and agree to same."

effect of the so called "waiver" given by Schell to Ford upon the employer-employee relationship existing between Schell and Hass; and (2) the effect of this instrument on the rights of the insurer to maintain a third party action against Ford under G. L. (Ter. Ed.) c. 152, § 15, as amended.

The judge ordered the bill dismissed, and from a decree entered in accordance with this order the plaintiffs appealed.[1] He found, among other things, that the insurer had failed to exercise its right to proceed against Ford within the time prescribed by § 15.

A bill for a declaratory decree is not usually dismissed because the court refuses the interpretation sought by the plaintiff. Ordinarily a declaratory decree will be entered in any event. *Booker* v. *Woburn*, 325 Mass. 334, 336. *Morgan* v. *Banas*, 331 Mass. 694, 698. *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority*, 333 Mass. 405, 406. But the declaratory judgment act (G. L. [Ter. Ed.] c. 231A) provides in § 3 that the "court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons." The appeal from the final decree brought here the question of discretion whether a declaratory decree ought to be entered. *Merchants Mutual Casualty Co.* v. *Leone*, 298 Mass. 96, 99–100. *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority*, 333 Mass. 405, 407. For reasons presently appearing we are of opinion that a declaratory decree should not be entered, and that the bill was rightly dismissed.

1. There is no basis for a declaratory decree as to the effect of the "waiver" on the employer-employee relationship existing between Schell and Hass. Such a decree would be material only with regard to Schell's right to an award under the workmen's compensation act. But that question

---

[1] Ford also appealed, but it concedes that it was not aggrieved by the decree below.

was adjudicated by appropriate proceedings before the Industrial Accident Board, which are no longer subject to review or appeal. Those proceedings are not open to collateral attack here. See *Boyle* v. *Building Inspector of Malden*, 327 Mass. 564, 566, and cases cited. Hence any declaration touching the effect of the "waiver" on the relationship between Schell and Hass would, at this time, be academic. See *Brown* v. *Neelon, ante,* 357.

2. The plaintiffs in seeking a declaration as to the effect of the "waiver" on the rights of the insurer against Ford under G. L. (Ter. Ed.) c. 152, § 15, as amended, likewise do not present an appropriate case for declaratory relief. Section 15, so far as here material, reads, "If compensation be paid under this chapter, the insurer may enforce . . . the liability of . . . [the person other than the insured legally at fault], and if, in any case where the employee has claimed or received compensation within six months of the injury, the insurer *does not proceed to enforce such liability within a period of nine months after said injury, the employee may so proceed*" (emphasis supplied).

Ford argues — and we agree — that this provision requires the insurer to bring its action against the third person within nine months after the injury. After that period the right to bring such an action passes to the employee and he alone has the right to bring the action. A contrary holding would result in the possibility that after the nine month period the third person would be subjected to two proceedings for the same cause of action, one by the insurer and one by the employee. Doubtless a judgment in one action would be res judicata in the other, and even if there were two judgments there could be but one satisfaction. See *Gones* v. *Fisher*, 286 Ill. 606, 613. Thus there could be no double recovery against the third person. But the legal consequences of the two actions would not be the same vis a vis the insurer and the employee. The insurer, of course, must be reimbursed for the compensation paid by it under the act irrespective of whether it or the employee brings the action; but the disposition of the excess depends on which party

brings the action. If the insurer brings the action the employee is entitled to four fifths of the excess. If the employee brings it he is entitled to all of the excess. To permit both the insurer and the employee to bring third party actions after the nine month period would present vexing questions as to the disposition of the excess. We construe the nine month period as a limitation on the right of the insurer to bring the third party action. This conclusion finds support in decisions in other jurisdictions construing provisions somewhat similar to that here involved. *Fournier* v. *Great Atlantic & Pacific Tea Co.* 128 Maine, 393, 397. *Martell* v. *Kutcher,* 195 Wis. 19, 24. But see *State* v. *Francis,* 151 Md. 147.

The employee was injured on October 21, 1954, and he claimed and was awarded compensation within six months thereafter. The insurer, according to the findings of the judge, failed to bring the third party action within nine months from the time of the injury. Hence by its own conduct the insurer lost the right to bring such an action.[1] In these circumstances there is no need to make a declaration as to the effect of the "waiver" on its third party rights against Ford.

*Appeal of Ford Motor Company dismissed.*
*Final decree affirmed with costs of appeal.*

---

[1] The nine month limitation is not as onerous as it might appear. Although the insurer must bring its action within nine months after the injury where the employee makes a claim within six months, it may bring such an action to preserve its rights before it has actually paid out compensation. See *Furlong* v. *Cronan,* 305 Mass. 464, 467–468.