LEONARD MARMET, Respondent, *v.* EDWIN D. RANKINS, Appellant.

Fourth Department, October 30, 1957.

*Leon J. Marketos* for appellant.

*Philip D. O'Donnell* for respondent.

GOLDMAN, J. This appeal questions the power of Special Term to substitute as plaintiff a compensation carrier, in place of an injured employee after the expiration of the three-year period of limitations on tort actions. The employee was injured on October 15, 1953 in a motor vehicle collision, and subsequently received compensation from the carrier. On February 1, 1956 the employee commenced this common-law action. The answer, served before the period of limitations had run, raised the defense that the plaintiff had no capacity to sue inasmuch as his cause of action had been assigned to the carrier by operation of subdivision 2 of section 29 of the Workmen's Compensation Law.

Having been met with allegations that plaintiff employee was not the real party in interest, plaintiff took no further action until after the expiration of the period of limitations on October 15, 1956. In January, 1957 defendant moved to dismiss the complaint and plaintiff cross-moved to substitute the carrier as the proper party plaintiff. Special Term denied defendant's and granted plaintiff's motion, the order being accompanied by an opinion relying entirely on *Lehman* v. *Hartke* (286 App. Div. 661). The court was of the opinion that since the injured employee had a possible '' partial and contingent '' interest in any sum recovered by the carrier in excess of the payments made to the employee and the expenses of litigation, there was a '' sound basis '' for substituting the carrier as plaintiff, even though no new action could have been brought by the carrier.

At the time substitution was granted, it is difficult for us to find any interest capable of being prosecuted by either the carrier or the injured employee. From the time of the collision until the employee accepted compensation, the employee had the sole interest in any possible cause of action. By virtue of section 29, the employee retained the right to seek a common-law recovery even after he accepted compensation, such recovery, however, being subject to the lien of the carrier to the extent of compensation payments made. Furthermore, having accepted compensation payments, the employee had six months within which to commence his cause of action, failing which it was assigned to the carrier by operation of subdivision 2 of section

29. It was only after the assignment to the carrier that the employee here commenced his cause of action.

Once assigned, the cause of action is vested solely in the carrier, the employee retaining only an inchoate interest in some prospective and uncertain recovery. (See *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273, 276.) The carrier is the only person who may thereafter prosecute the action. (See *Commissioners of State Ins. Fund* v. *Clark Carting Co.*, 274 App. Div. 559, 560.) The carrier, without the consent of the employee, may settle the claim or compromise a judgment. (*Skakandy* v. *State of New York,* 274 App. Div. 153.) So absolute is the nature of the assignment, that the carrier may in advance disable itself by contract from pursuing the cause of action. (*Taylor* v. *New York Central R. R. Co.*, 294 N. Y. 397.)

Consequently, the only liability of the defendant ran to the carrier at the time the employee commenced his action. The period of limitations expired, however, prior to the time the carrier attempted to pursue its rights. A new action on behalf of the carrier being barred, the same result was sought through substitution. Substitution implies that there are existing rights or liabilities running to or from the new party, a situation which does not here exist. No action having been effectively commenced prior to the running of the statute, there was no surviving liability on the part of the defendant thereafter.

We are not unmindful of the seemingly conflicting decisions reached in the Second and Third Departments in *Wilton* v. *Radish* (266 App. Div. 974, 267 App. Div. 970) and *Lehman* v. *Hartke* (*supra*). The dictum relied on in the *Lehman* case appears to be in conflict with the spirit of the Third Department's earlier holding in *Skakandy* v. *State of New York* (*supra*) and with a long line of cases emphasizing the absoluteness of a section 29 assignment. To reach the same result as determined in the *Wilton* case would require an exception to the Statute of Limitations which we refuse to provide by interpretation.

It follows that the order appealed from must be reversed and the complaint dismissed, with costs to the appellant.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

Order reversed on the law, with $10 costs and disbursements, and motion to dismiss complaint granted, with $10 costs.