140 So.2d 821

**LIBERTY MUTUAL INSURANCE COMPANY**

v.

**LOCKWOOD GREENE ENGINEERS, INC., et al.**

**6 Div. 653.**

Supreme Court of Alabama.

March 29, 1962.

Rehearing Denied May 17, 1962.

Joe R. Wallace and Davies, Williams & Wallace, Birmingham, for appellee Lockwood Greene Engineers.

Deramus, Fitts & Johnston, Birmingham, for Bagby Elevator & Electric Co.

Henry E. Simpson, Wm. L. Clark and Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

SIMPSON, Justice.

This case comes before the court on appeal by appellant from a judgment of nonsuit entered on its motion resulting from the lower court sustaining separate demurrers

of appellees to the several counts of appellant's complaint.

Appellant as the Workmen's Compensation insurance carrier of Beaunit Mills, Inc. brought the action to recover for the death of J. D. Nicholson, who was electrocuted while performing his duties as an employee of Beaunit Mills in the latter's mill at Coosa Pines, Alabama.

In 1951 appellee, Lockwood Greene, contracted with Beaunit to construct a permanent mill including supervision over installation of electrical systems. Appellee, Bagby, contracted to install the electrical systems under the supervision of Lockwood Greene.

Generally, all counts of the complaint charge that appellees knew that if the electrical systems were not properly installed they would be imminently dangerous to Beaunit's employees. That appellees knew that the outlet in question would be used by employees under circumstances of damp quarters, and that users would be subjected to a lethal electric shock if the outlets were connected to cause neutral wires to be energized with electric current when put into operation. Also, that appellees negligently installed the electric systems in a dangerous and defective condition, in that wires connected to the outlets, not visible without inspection, were so connected as to cause electric current to be upon a wire that should have been neutral, thereby causing the shell of the electric light socket to be energized, that as a proximate consequence the death of deceased was caused when he received a shock undertaking to replace a light bulb in the socket of an extension light used by him.

Appellant filed the complaint pursuant to § 312, Title 26, Code 1940. It is advanced by appellees there is a question whether there had accrued to appellant, at the time of filing the complaint, any cause of action, for it is contended as shown by complaint, that the dependents of the deceased were the sole and exclusive owners of the alleged cause of action, and that such alleged right of action could not be assigned or waived in favor of appellant. The negligent acts are alleged to have occurred in 1952; the injury on 18 February, 1957, and suit brought on 13 August, 1958, five days short of eighteen months after death of deceased. Appellees contend that from § 312, Title 26, and § 123, Title 7, the dependents of deceased could bring the action and it was within their exclusive control within a period of two years following the death of the deceased; that if this right is not exercised by said dependents, the insurance carrier of the employer, or the employer, is vested with a statutory right of subrogation which entitles either to maintain an action only if the dependents do not file an action for wrongful death within two years; that, under these circumstances, the insurance carrier should bring the suit within the six months, i. e., between the 24th and 30th months following death. Therefore, appellees claim appellant's suit is premature, and the purported assignment or waiver by the dependent widow of deceased was ineffectual to confer on appellant any right of action against these appellees.

If this position is well taken by appellees, there was no error in sustaining the demurrers interposed to the complaint, and we are not called upon to go into the merits of the action, viz.: Whether an electrical contractor, or electrical engineer, can be held liable in tort for the death of an employee of the owner of a building where the death is the proximate consequence of negligence of the contractor and engineer, and where death occurs after the completion of the work and after acceptance of the building by the owner, and to whom there was no privity of contract.

Section 312, Title 26, Code of Alabama 1940, provided in pertinent part as follows:

"In the event the injured employee, or in case of his death, his dependents, do not file suit against such other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six

months within which to bring suit against such other party for damages on account of such injury or death."

The question of what statute of limitation applies to actions by subrogees under the Workmen's Compensation Acts of the various states has frequently arisen in courts throughout the country. The decisions on the question are not uniform, however, as noted at page 1045, § 2, 41 A.L.R. 2d:

"The weight of authority favors the rule that the statute of limitations applicable in actions for damages for personal injury, or for death, *as the case may be,* governs in actions by an employer or insurance carrier subject to payment of workmen's compensation, against a third person for injury to, or death of, an employee, the theory usually accepted being that the employer is subrogated to the right of the employee to recover for the injury, or of the employee's representative to recover for his death."

This court is committed to the majority rule on this question. In Metropolitan Casualty Ins. Co. of New York v. Sloss-Sheffield Co., 241 Ala. 545, 3 So.2d 306, in speaking of the right of subrogation given by the statute (before its amendment in 1957), this court said:

"It [the insurance carrier] is a statutory subrogee, and the right to which it is subrogated is the right of action arising in favor of the injured workman *or his dependents,* as a proximate consequence of the negligence or wrongful act of such third person."

The statute of limitation of one year is applicable to actions for injury to the person. Title 7, § 26, Code of 1940; Williams v. Alabama Great Southern Ry. Co., 158 Ala. 396, 48 So. 485, 17 Ann.Cas. 516; Larue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155; Alabama Great So. Railroad Co. v. Hawk, 72 Ala. 112, 47 Am.Rep. 403.

The statute of two years is applicable to actions for wrongful death. Title 7, § 123, Code. It follows then, that there is only one statute of limitations applicable to actions for wrongful death and this is the two-year statute. To hold otherwise would be to provide a two-year statute of limitations for wrongful death in certain classes of cases and a one-year statute of limitation for wrongful death in cases of this class arising under said § 312. We do not believe the legislature intended to produce such an anomaly by enacting the statute. The Workmen's Compensation Act of Alabama provides that the dependants of the deceased employee have the time allowed by law in which to bring the action. Their failure to do so within the time allowed by law then gives rise to the statutory right of the subrogee to bring an action. The right of subrogation depends entirely upon the statute and cannot otherwise be created. See 40 A.L.R.2d 500.

From appellant's brief it would seem that it has misconceived the provision of § 312, authorizing the employer or insurance carrier to bring the action if the dependents of the deceased employee do not bring the suit for wrongful death within the time allowed by law, as creating a new cause of action and, therefore, governed by the one-year statute of limitations. The current of opinion runs to the contrary. The compensation act merely creates a right of compensation against the employer on account of the death of an employee arising out of and in the course of employment. But it does not purport to create a cause of action for wrongful death against any other person. It is only because the wrongful death act creates such an actionable claim that the provisions for election and subrogation of the employer are operative at all. There is only one cause of action for wrongful death, not two, and this arises under the wrongful death statute and of consequence the statute of limitations provided by the wrongful death statute (two years) governs. See: Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87; Fidelity & Casualty Co. of New York v. St. Paul Gas & Light Co., 152

Minn. 197, 188 N.W. 265; Webster v. Clodfelter, 76 U.S.App.D.C. 171, 130 F.2d 434, 143 A.L.R. 280 (1942); Fidelity & Casualty Co. of New York v. Miller, 111 Ind. App. 308, 38 N.E.2d 279 (1942); Goldschmidt v. Pevelry Dairy Co., 341 Mo. 982, 111 S.W.2d 1 (1937); London Guarantee & Acc'd. Co. v. Wisconsin Public Service Corp., 228 Wis. 441, 279 N.W. 76 (1938); 41 A.L.R.2d 1044.

■ To avert the operation of the two-years statute of limitation appellant procured from the widow an assignment or waiver for herself and her minor children, of the right to sue and authorized the appellant to sue. Such assignment or waiver was totally ineffectual to confer on appellant any right of action not granted by the statute and no such right was thus granted. Primary rights cannot be created by waiver even if the surviving widow were empowered under the act to renounce the right for herself and minor dependents. Mutual Savings Life Ins. Co. v. Hall, 254 Ala. 668(5), 49 So.2d 298.

■ Section 312, as amended, conferred no such right on the widow and only by the subrogative provisions therein would appellant have any right to maintain the action at all. And to avail itself of this right it must bring itself precisely within its terms, i. e., after dependents have failed to bring action within the time allowed them by law (two years from the death of decedent). See Patterson v. Sears-Roebuck Co., 196 F. 2d 947 (5th Cir.); Smith v. Southern Railway Co., 237 Ala. 372, 187 So. 195; Employers Mutual Liability Ins. Co. of Wisconsin v. Ford Motor Co., 335 Mass. 504, 140 N.E.2d 634, 637; Marmet v. Rankins, 4 A.D.2d 485, 167 N.Y.S.2d 194 (1957), app. dism., 5 N.Y.2d 782, 180 N.Y.S.2d 305, 154 N.E.2d 562; Millican v. Home Stores, Inc., 197 Tenn. 93, 270 S.W.2d 372.

■ Moreover, the right in the dependents of the deceased employee to maintain an action for wrongful death under said § 312 within the time provided by law could

not be assigned by the widow to the appellant. A right of action for wrongful death is not assignable. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912; City of Birmingham v. Walker, 267 Ala. 150, 101 So.2d 250, citing with approval Mercer Casualty Co. v. Perlman, 62 Ohio App. 133, 23 N.E.2d 502.

We think it clear, then, that this action was begun prematurely and that the trial court ruled correctly in sustaining the demurrers interposed to the complaint. Finding no error in this ruling, there is no necessity to consider the merits of the case.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.