170 So.2d 281

**MOTORS INSURANCE CORPORATION**

v.

Lena Brewer **LOFTIN** et al.

**6 Div. 51.**

Supreme Court of Alabama.

Nov. 19, 1964.

Rehearing Denied Jan. 7, 1965.

Davies, Williams & Wallace, Birmingham, for appellant.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellee Nicholson.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee Loftin.

GOODWYN, Justice.

·Appeal by intervenor-plaintiff below from a judgment of nonsuit induced by adverse rulings on pleadings. Code 1940, Tit. 7, § 819.

Mrs. Fayrene H. Nicholson, as administratrix of the estate of James Henry Nicholson, deceased, brought suit against Mrs. Lena Brewer Loftin to recover for the wrongful death of said decedent in an automobile collision and also damage to his automobile involved in said collision. As last amended, the complaint consisted of four counts, with counts 1 and 2 charging the defendant with negligence and wantonness, respectively, in causing said decedent's death, and counts 3 and 4 charging negligence and wantonness, respectively, in damaging the automobile.

Motors Insurance Corporation, after being granted permission to intervene in the case, filed therein, on May 10, 1963, its complaint as a party plaintiff. The complaint claimed of the defendant the sum of $1432.-75, based on the following:

"  *   *   *  on to-wit: January 10, 1963 the intervenor had in full force and effect a policy of physical damage insurance covering a 1962 Chevrolet automobile, the property of James H. Nicholson, insuring said automobile against damage by collision subject to a $50.00 deductible clause; that on the aforesaid date while said automobile was being operated by James H. Nicholson over and along Ruffner Road at or near its intersection with Ruffner Court in the City of Irondale, Jefferson County, Alabama, both being public streets, where it had a right to be, the defendant did then and there so operate another motor vehicle so as to cause same to collide with the aforesaid insured automobile and as a proximate consequence thereof the insured automobile was greatly damaged and decreased in market value; that claim has been made under the aforesaid policy of physical damage insurance by the personal representative of the estate of James H. Nicholson, who was deceased and that the intervenor has paid the personal representative of the insured decedent for the damage to said automobile under its policy of insurance and brings this claim by way of subrogation under the Laws of the State of Alabama and under the policy of insurance referred to above.

"Intervenor further avers that the defendant on the aforesaid occasion negligently operated the automobile under her charge, direction or control and as a proximate consequence of said negligence as aforesaid the insured property was injured and damaged and as a proximate consequence of said· negligence the plaintiff sustained its injuries and damages, hence this suit."

On May 13, 1963, the following judgment was rendered, viz.:

"It is ordered and adjudged by the court that consent judgment be and the same is hereby rendered in favor of the · plaintiff and against the defendant for the sum of Twelve Thousand· Four Hundred Eighty-Two and 75/100 ($12,-482.75) Dollars, together with all costs · accrued to date; defendant and intervenor consent to the plaintiff being paid the sum of Eleven Thousand ($11,-000.00) Dollars directly; the balance of judgment to be retained in Court to abide final disposition of plea of intervention."

Each of the other parties separately interposed similar demurrers to the complaint in intervention on May 20 and 24, 1963. The demurrers were sustained on June 27, 1963.

Due to the adverse rulings on the demurrers, the intervenor moved for a nonsuit. The motion was granted and a judgment of nonsuit was rendered on July 22, 1963. This appeal is from that judgment.

The assignments of error relate to the rulings on the demurrers. The decisive question presented by the demurrers is whether the intervenor (Insurance Company), in paying to the decedent's personal representative the claim due under the policy, became the subrogee of the personal representative with the right to maintain the action given the personal representative by Act No. 113, appvd. Feb. 14, 1956, Acts Special Sessions 1956, Vol. I, p. 170 (Recompiled Code 1958, Tit. 7, § 123(1)). Our conclusion is that the demurrers were sustained without error and that the judgment appealed from is due to be affirmed.

■ Undoubtedly, the claim under the insurance policy was part of, and belonged to, the decedent's *estate,* while the personal representative's claim for damage to decedent's automobile is derived from Act No. 113, supra, which "does not create a right in the *estate* of the decedent but creates a right in the *personal representative* of the estate of the decedent and provides for the distribution of damages recovered thereunder according to the statute of distributions." See: Standard Accident Insurance Company v. Whitset, 270 Ala. 334, 337, 118 So.2d 922.

■ Since the claim under the insurance policy constituted a part of the decedent's estate, it follows that the Insurance Company's payment of the claim to the decedent's personal representative necessarily was for the purpose of satisfying that obligation and not the personal representative's statute-given cause of action. The claim against the Insurance Company under its policy, which inures to the benefit of the decedent's estate and is subject to payment of his debts and liabilities, and the claim given by the statute, which provides for distribution of damages recovered thereunder according to the statute of distributions, are separate and distinct. Accordingly, payment of the claim under the policy did not make the Insurance Company a subrogee with respect to the personal representative's statutory claim.

If the cause of action for the damage to decedent's automobile had survived him *in favor of* his personal representative, so that the damages recovered would constitute a part of his *estate,* that situation might be a proper basis for subrogation. But it has been held that such cause of action does not survive. See: McDowell v. Henderson Mining Company, 276 Ala. 202, 160 So.2d 486, 488–489; Standard Accident Insurance Company v. Whitset, 270 Ala. 334, 336, 118 So.2d 922, supra. We consider the holdings in those two cases to be dispositive of the one now before us.

The following from Whitset is equally appropriate here, viz.:

"Appellant points out that this result will promote manifest injustice where the equities of subrogation are involved. It is, however, the province of the legislature and not the court, to correct such injustice by providing a remedy in favor of the subrogee in such instances."

The judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.