This case calls for the application of choice of law principles in a workmen's compensation context. The parties ask this Court to answer the following question: Does the filing of a claim and receipt of benefits pursuant to the Alabama Workmen's Compensation Act by one who has been injured in another state give rise to an exception to the Alabama conflicts rule of lex loci delicti for purposes of that person's co-employee suit; i.e., will Alabama law control disposition of the suit rather than the law of the state of injury?
The undisputed facts of this case are as follows:
Plaintiff Billy Powell, a resident of Alabama, was employed as a truck driver by Barber Pure Milk Company, an Alabama corporation. While en route back to Alabama from a pick-up of milk in Georgia, Powell wrecked his truck in Monroe, Georgia, and was injured. As a result, Powell filed for and received disability benefits pursuant to the Alabama Workmen's Compensation Act. Code 1975, § 25-5-1, et seq.
Powell then brought an action in Alabama against two of his co-employees, Ronald Sappington and Coster Smith, for their alleged negligence in failing to inspect, repair, service, and maintain his truck. Powell's wife Carolyn joined in that suit as co-plaintiff, alleging loss of her husband's services.
Sappington and Smith moved for summary judgment on the grounds that Georgia law applies to the action against them and that Georgia law forbids co-employee suits. The trial court granted the motion and entered a final judgment pursuant to Rule 54 (b), Ala.R.Civ.P.
The Powells appeal, arguing that because Powell elected to pursue his remedy under the Alabama Workmen's Compensation Act rather than under the Georgia Workmen's Compensation Act, Alabama law rather than Georgia law applies to their action against Sappington and Smith. Because Alabama law permits co-employee suits, they argue that summary judgment was improperly entered. We do not agree.
This Court reaffirmed in Norris v. Taylor, 460 So.2d 151
(Ala. 1984), that the conflicts rule of lex loci delicti applies to tort *Page 570 
actions brought in this state. As the Court stated in that decision, "[u]nder [lex loci delicti], an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." 460 So.2d at 152. Application of this rule in the instant case would require us to follow the law of Georgia, the state where Powell's injury occurred. In doing so, we would be constrained to affirm the trial court's entry of summary judgment, since Georgia law forbids co-employee suits where workmen's compensation is available.[1]
In essence, the Powells argue that an exception to the lex loci delicti rule is applicable in a workmen's compensation context where an injured employee invokes that exception by electing to accept benefits under the workmen's compensation act of his state of employment and not of the state where the injury occurred. Recognition of such an exception, however, would create a broad avenue for abuse. As another court has stated, "[adoption of this exception would allow] a claimant with a choice of jurisdictions in a compensation claim . . . to juggle with the substantive law uniformly applied . . . and thus defeat its application." Wardell v. Richmond Screw AnchorCo., 133 Ga. App. 378, 382, 210 S.E.2d 854, 857 (1974). We therefore hold that a claimant who is injured in another state cannot evade the application of the lex loci delicti rule merely by filing his workmen's compensation claim in Alabama.
Although we reject the exception claimed by the Powells, our inquiry is not yet at an end. It is eligibility for benefits under the workmen's compensation act of the state of the employee's injury, not whether a claim for benefits was made or received in Alabama, which determines whether a bar to a common law action exists. Wilson v. Fraser, 353 F. Supp. 1 (D.Md. 1973); Security Insurance Group v. Plank, 133 Ga. App. 815,212 S.E.2d 471 (1975). It becomes necessary, therefore, to determine whether Billy Powell was eligible for compensation under the Georgia Act. If not, he may be able to pursue his co-employee suit under principles of Georgia law. If so, however, he will be subject to its bar against co-employee suits.
Georgia Code 1981, § 34-9-1, defines "employee" for purposes of workmen's compensation as "every person in the service of another under any contract of hire or apprenticeship. . . ." It does not by its terms exclude coverage for nonresident employees of nonresident employers. Moreover, the Georgia Court of Appeals in Security Insurance Group v. Plank, supra, held that, under Georgia law, jurisdiction in a workmen's compensation case attaches when an employee suffers an accidental injury in Georgia, regardless of the employee's residence or where he contracted for employment. Thus, nothing in the law of Georgia would have prevented Billy Powell from receiving workmen's compensation benefits under the Georgia Act. That being so, the Powells' suit against Sappington and Smith is prohibited by Georgia law; thus, the trial court's entry of summary judgment in favor of Sappington and Smith was proper.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY and STEAGALL, JJ., concur.
JONES, ALMON and ADAMS, JJ., dissent.
[1] Georgia Code 1981, § 34-9-11, which provides for co-employee immunity, reads in pertinent part as follows:
 "The rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, other than an employee of the same employer. . . ." (Emphasis added.)