Larry **SUBLETT**, Plaintiff,

v.

**TENNESSEE VALLEY AUTHORITY**, et al., **Defendants.**

Civ. A. No. 86–0165–O(CS).

United States District Court,
W.D. Kentucky,
at Owensboro.

May 9, 1989.

---

Ralph E. Coleman, Birmingham, Ala., and Hugh D. Moore, Moore, Moore and Malone, Owensboro, Ky., for plaintiff.

Herbert Sanger, Gen. Counsel, James E. Fox, Deputy Gen. Counsel, Robert C. Glinski and Edwin W. Small, Asst. Gen. Counsels, Tennessee Valley Authority, Knoxville, Tenn., for TVA.

John W. Clark, Jr., Clark and Scott, Birmingham, Ala., for Porter Walker.

R. Scott Plain, Wilson, Wilson and Plain, Owensboro, Ky., for Porter–Walker, Inc.

## MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the Court on dispositive motions of the defendants, Tennessee Valley Authority ("TVA") and Porter–Walker, Inc. ("Porter–Walker").

TVA entered into a contract with Porter–Walker of Columbia, Tennessee, in May, 1984 for the repair and replacement of a damaged conveyor belt at the Paradise Fossil Plant in Muhlenberg County, Kentucky. Porter–Walker subcontracted with Vulcan Materials, Inc. ("Vulcan") of Birmingham, Alabama, to perform the splicing and vulcanizing work on the belt. Vulcan was required to and did provide workers' compensation coverage for its employees working on that job.

Larry Sublett, an Alabama domiciliary, was employed by Vulcan and was performing the required work at the Kentucky job site on April 14, 1985, when a forklift accident occurred causing him personal injuries. Sublett sought and received workers' compensation benefits from his employer in Alabama. He then brought suit in the United States District Court for the Northern District of Alabama against TVA and Porter–Walker alleging that one or both of them negligently supplied a defective forklift for use on the job. The Alabama workers' compensation scheme allows a recovery in tort by an injured employee from a third party, without regard to workers' compensation payments. The employer may recoup from that damage award the amount of its workers' compensation payment made, and any additional amount may be retained by the employee.

This action was transferred to the United States District Court for the Western District of Kentucky at Owensboro. The defendants have each moved to dismiss the action on the ground that the provisions of the Kentucky Workers' Compensation Act, KRS 342.610(2) and 342.690(1), preclude a tort recovery against them. They claim that as general and intermediate contractors, they hold the status of "statutory employers" from whom there can be no recovery by Sublett, in light of the payment of workers' compensation benefits to him by the subcontractor, his employer, Vulcan.

As a general proposition, a United States District Court will apply the conflict of laws rules of the forum in determining which state law it will apply. This circumstance requires, however, that the Court

utilize the Alabama conflict of laws rules inasmuch as the Federal District Court in Kentucky is the transferee of the action, under 28 U.S.C. § 1404(a). *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964), held that "the transferee district court must be obligated to apply the state law (including choice of law rules) that would have been applied had there been no change of venue," since such a change under § 1404(a) "generally should be, with respect to state law, but a change of courtrooms."

■ Alabama applies the "traditional conflict rule of *lex loci delicti* ... to tort actions" brought there. *Powell v. Sappington*, 495 So.2d 569 (Ala.1986). The Court must, therefore, look to the law of Kentucky on the question of whether Sublett may have a tort recovery against TVA and Porter–Walker.

■ Sublett's entitlement to benefits under Kentucky's Workers' Compensation Act is not disputed. Clearly, Sublett is an employee, for purposes of workers' compensation, pursuant to KRS 342.640. There is also no dispute that KRS 342.690(1) and 342.610(2) relieve TVA and Porter–Walker of liability if they hold the status of statutory employers, Vulcan having secured payment of compensation for Sublett. *See Elkhorn–Hazard Coal Land Corp. v. Taylor*, 539 S.W.2d 101 (Ky.1976); *Fireman's Fund Insurance Co. v. Sherman & Fletcher*, 705 S.W.2d 459 (Ky.1986).

KRS 342.690(1) provides:

If an employer secures payment of compensation as required by this chapter the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employe.... For purposes of this section, the term 'employer' shall include a 'contractor' covered by KRS 342.610 whether or not the subcontractor has in fact, secured payment of compensation.

KRS 342.610(2) provides:

A contractor who subcontracts all or any part of a contract ... shall be liable for payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the

payment of such compensation has secured the payment.... A person who contracts with another ... to have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person, shall for the purposes of this section be deemed a contractor, and such other person a subcontractor....

Porter–Walker operated as a "contractor", as utilized in the term's common usage, engaging Vulcan as a subcontractor to assist in the performance of the work or the completion of the project it undertook to perform for TVA. *See M.J. Daly Co. v. Varney*, 695 S.W.2d 400 (Ky.1985); *Bright v. Reynolds Metals Co.*, 490 S.W.2d 474 (Ky.1973).

TVA has submitted an affidavit of Robert L. Beasley, Jr., Assistant Manager of the Paradise Fossil Plant, in support of its assertion that TVA contracted with Porter–Walker to have work performed of a kind which is a regular or recurrent part of the work of its business. Beasley has stated that TVA regularly performs most of the contracted conveyor belt repair work directly through its own employees, employing approximately 230 permanent maintenance employees and 100 temporary construction and maintenance employees. He has further stated that all but one of the 55 conveyors which make up the plant's coal-handling system were designed and built by TVA's employees, and TVA performs over 90 per cent of the maintenance and repair work on the system at Paradise with its own employees. Sublett has failed to come forward with any evidence in contravention of these assertions.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151–60, 90 S.Ct. 1598, 1605–10, 26 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir.1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive

law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the nonmoving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425 (6th Cir.1962).

The Court finds that both TVA and Porter–Walker are statutory employers as defined by the Kentucky Workers' Compensation Act. Vulcan has provided workers' compensation coverage for Sublett, thus a recovery by Sublett against TVA and Porter–Walker is barred as a matter of law.

The motions of the defendants, TVA and Porter–Walker, to dismiss the action will be granted. A separate order will be entered herein this date in accordance with this opinion.