595 So.2d 1351 (1992)
NORTHEAST UTILITIES, INC.
v.
PITTMAN TRUCKING COMPANY, et al.
1901354.
Supreme Court of Alabama.
January 17, 1992.
Rehearing Denied March 6, 1992.
*1352 Patrick W. Richardson, James H. Richardson and M. Frank Tatom II of Bell Richardson, P.A., Huntsville, for appellant.
R. Ben Hogan III and Richard D. Stratton of Hogan, Smith, Alspaugh, Samples & Pratt, P.C., Birmingham, for appellees.
MADDOX, Justice.
This is a choice of laws case. The issue presented is whether an out-of-state employer is entitled to the proceeds of an in-state wrongful death action against a third-party tort-feasor.
Daniel C. Bradley, an employee of Northeast Utilities, Inc., a Connecticut corporation, and a covered employee under Connecticut's Workers' Compensation statute, was fatally injured by a Pittman Trucking Company dump truck driven by Jeffrey Pittman. The incident occurred in Alabama.
Following Daniel Bradley's death, his widow, Paula Bradley demanded and accepted worker's compensation benefits from Northeast Utilities under the Connecticut statute. She then sued in the Circuit Court of Madison County, Alabama, in her capacity as the administratrix of her husband's estate, alleging that Pittman Trucking, Jeffrey Pittman, and Hoover, Inc., had been negligent and that their negligence had caused her husband's death.
Northeast Utilities filed a motion to intervene in Bradley's action and also filed a complaint in intervention asserting a statutory right under Connecticut law to the proceeds of the action. Soon thereafter, and before the court had ruled in regard to the intervention motion, Pittman Trucking, Jeffrey Pittman, and Bradley filed a joint stipulation for dismissal of the wrongful death action, a settlement agreement, and a pro tanto release. The trial court approved the settlement agreement and release, which provided a settlement amount of $500,000, and dismissed Pittman Trucking and Jeffrey Pittman with prejudice. Northeast Utilities filed a motion to reconsider the dismissal.
The trial court then set aside the dismissal and granted Northeast Utilities' motion to intervene.[1] Bradley cross-claimed, asking for a determination of the subrogation *1353 rights of Northeast Utilities to a lien. The trial court entered an order denying Northeast Utilities a right to any or all of the settlement proceeds of the wrongful death action and stated, in pertinent part, as follows:
"Under the Alabama Wrongful Death Act, proceeds payable are received directly by the personal representative and not by the estate, it being the intent of the legislature that such proceeds not be subject to any liens or encumbrances. Ala.Code [1975,] § 6-5-410(c). Northeast Utilities has no right of subrogation against the settlement proceeds of the Bradley wrongful death claims which were brought under Alabama law. Motors Ins. Corp. v. Loftin, 277 Ala. 331, 170 So.2d 281 (1965)."
Northeast Utilities appeals.
In Alabama, the lex loci delicti rule applies to both wrongful death actions, Larue v. C.G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155 (1912), and actions arising under the worker's compensation laws. Powell v. Sappington, 495 So.2d 569 (Ala.1986).
On appeal, however, Northeast Utilities contends that lex loci delicti is not the proper rule for determining a foreign employer's right to the proceeds of an employee's action, and urges this Court to adopt a conflicts of law rule that would determine an employer's rights under the same state law invoked by the employee in obtaining worker's compensation benefits, in this case Connecticut's. Northeast Utilities argues that because Bradley elected to pursue her remedy under the Connecticut Worker's Compensation Act rather than under the Alabama Worker's Compensation Act, Connecticut law rather than Alabama law applies to their action against Pittman Trucking and Jeffrey Pittman. Northeast Utilities says that Connecticut grants to an employer who has paid worker's compensation an unequivocal right to the proceeds of an action brought by an employee against the third party tortfeasor, and, therefore, it argues that the trial court's judgment was improper. We do not agree.
The Powell case is determinative of the choice-of-law question. In that case, Powell, a resident of Alabama, was employed as a truck driver for an Alabama corporation. Powell, 495 So.2d 569. While en route back to Alabama, Powell wrecked his truck in Georgia and was injured. Powell filed for and received disability benefits pursuant to the Alabama Worker's Compensation Act. He then brought a negligence action in Alabama against two of his co-employees. The trial court entered a summary judgment in favor of the co-employees on the grounds that Georgia law applied to the action against them and that the applicable Georgia law forbade co-employee suits.
This Court affirmed, rejecting Powell's argument that "because Powell elected to pursue his remedy under the Alabama Workmen's Compensation Act rather than under the Georgia Workmen's Compensation Act, Alabama law rather than Georgia law applies to [the] action." 495 So.2d at 569. The Court stated in pertinent part as follows:
"Recognition of such an exception [to the lex loci delicti rule] ... would create a broad avenue for abuse. As another court has stated, `[adoption of this exception would allow] a claimant with a choice of jurisdictions in a compensation claim ... to juggle with the substantive law uniformly applied ... and thus defeat its application.' Wardell v. Richmond Screw Anchor Co., 133 Ga.App. 378, 382, 210 S.E.2d 854, 857 (1974). We therefore hold that a claimant who is injured in another state cannot evade the application of the lex loci delicti rule merely by filing his workmen's compensation claim in Alabama."
Powell, 495 So.2d at 570. Likewise, a claimant who files a tort action in Alabama is subject to application of the lex loci delicti rule to his tort action, regardless of whether he filed a worker's compensation claim in another state.
Although we reject the exception to the lex loci delicti rule claimed by Northeast Utilities, our inquiry is not yet complete. There remains the issue of whether, *1354 under Alabama substantive law, Northeast Utilities is entitled to recover from the proceeds of Bradley's wrongful death settlement the workers' compensation benefits paid and payable to Bradley. Bradley contends that Northeast Utilities' claim to the proceeds of this action is prohibited by the rule that damages recovered under the Wrongful Death Act are not subject to the payment of debts or liabilities of the decedent. We disagree, insofar as actions authorized by Ala.Code 1975, § 25-5-11, are concerned, as this action was.
In such cases, we must construe Alabama's Worker's Compensation Act, Ala. Code 1975, § 25-5-11, and Alabama's Wrongful Death Act, Ala.Code 1975, § 6-5-410, together. This Court discussed the interaction of these acts in Slagle v. Parker, 370 So.2d 947 (Ala.), appeal dismissed, 444 U.S. 804, 100 S.Ct. 24, 62 L.Ed.2d 17 (1979). In that case we held that the legislature can grant immunity to co-employees of a decedent covered by the Worker's Compensation Act from suit for a job-related wrongful death because wrongful death was a purely statutory action, and we wrote:
"Since the right to bring an action for wrongful death is a product of the legislature, it can be modified, limited, or repealed as the legislature sees fit, except as to causes of action which have already accrued. Slagle v. Reynolds Metals Company, 344 So.2d 1216 (Ala. 1977); Pickett v. Matthews, 238 Ala. 542, 192 So. 261 (1939)."
370 So.2d at 949.
Likewise, the legislature can, and has, provided by statute that an employer or insurer is entitled to subrogation for amounts paid to the deceased employee's dependents. It is only because the Wrongful Death Act creates an actionable claim that the provisions for election and subrogation of the employer are operative at all. Liberty Mut. Ins. Co. v. Lockwood Greene Eng'rs, Inc., 273 Ala. 403, 140 So.2d 821 (1962).
Section 25-5-11(a) states in pertinent part as follows:
"If the injured employee, or in case of his death his dependents, recover damages against such other party, the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, and if such damages so recovered and collected should be in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of such injury or death. To the extent of any such recovery of damages against such other, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of such injury or death."
The right to recover extends to settlement proceeds. Orum v. Employer's Casualty Co., 348 So.2d 792 (Ala.Civ.App.1977).
Therefore, because Alabama substantive law applies in this case, and because the Alabama legislature has provided that employers are entitled to be reimbursed out of any judgment recovered by the employee or his personal representative in an action against the third-party tort-feasor, Northeast Utilities is entitled to be reimbursed out of the proceeds of Bradley's wrongful death settlement.
Based upon the foregoing, the judgment of the trial court is due to be reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
STEAGALL and INGRAM, JJ., concur.
HORNSBY, C.J., and SHORES, ADAMS and HOUSTON, JJ., concur in the result.
HOUSTON, Justice (concurring in the result).
I do not agree with the quote from Slagle v. Parker, 370 So.2d 947, 949 (Ala.), appeal dismissed, 444 U.S. 804, 100 S.Ct. 24, 62 L.Ed.2d 17 (1979), that "[s]ince the right to bring an action for wrongful death is a product of the legislature, it can be modified, limited, or repealed as the legislature sees fit." I believe that §§ 1 and 35, Alabama Constitution of 1901, which provide that right to life is a fundamental *1355 right, combined with that portion of § 13, Alabama Constitution of 1901, which provides "that every person, for any injury done him, in his ... person ... shall have a remedy by due process of law," create a constitutional right of action for wrongful death that is excepted out of the general powers of government by § 36, Alabama Constitution of 1901.
I agree with all other portions of Justice Maddox's opinion and with the result reached.
SHORES, J., concurs.
NOTES
[1] Although Bradley named Hoover, Inc., as a defendant. Hoover is not a party in this appeal. Hoover paid Bradley an undisclosed sum of money and plaintiffs executed a pro tanto release and covenant not to sue, as well as a stipulation of dismissal. Hoover, Inc., was dismissed with prejudice by the trial court, and Hoover's dismissal was not appealed by Northeast Utilities.