MOORE, Judge.
RGIS Inventory Specialists (“the employer”)[1] and Fidelity and Guaranty Insurance Company, the employer’s workers’ compensation insurance carrier (“the carrier”), appeal from an order denying their motion to intervene. We affirm.
Background
On January 19, 2009, while en route from Mississippi to Tennessee to perform his job duties for the employer, George Allen Huey (“the employee”) was injured in an automobile accident in Alabama. As a result of his injuries, the employee filed a claim for Mississippi workers’ compensation benefits. The Mississippi Workers’ Compensation Commission denied his claim, which denial was later affirmed on appeal. See Huey v. RGIS Inventory Specialists, 168 So.3d 1145 (Miss. Ct. App.), cert. denied, 152 So.3d 1176 (Miss. 2014).
On November 12, 2010, the employee commenced an action (“the third-party action”) in the Sumter Circuit Court (“the trial court”) against Kenneth Dale Connor, Barbers Milk, LLC, and an entity identified as Dean Foods. On January 4, 2016, while the third-party action remained pending, the employee filed a motion with the Mississippi Workers’ Compensation Commission requesting to reinstate his workers’ compensation claim, which request was heard, but not decided, on April 7, 2016. On April 28, 2016, the employer and the carrier filed in the trial court a motion to intervene in the third-party ae *531 tion, seeking a judgment declaring their subrogation rights as to any award the employee might receive in the third-party action or their right to set off any such award against their potential liability for workers’ compensation benefits. On May 24, 2016, the trial court denied the motion to intervene.
On June 9, 2016, the employee, Conner, Dean Foods, and Barber Milk filed a joint stipulation of dismissal based on the settlement of the claims in the third-party action; on June 17, 2016, the trial court entered an order “grant[ing]” the joint stipulation of dismissal. That same day, the employer and the carrier filed a notice of appeal to this court.[2] Based on our determination that we lacked jurisdiction over the appeal, this court transferred the appeal to our supreme court, which subsequently transferred the appeal back to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
Discussion
Before proceeding to the merits, we first address the contention of the employee that the joint stipulation of dismissal renders the appeal moot. The employee cites Gallagher Bassett Services, Inc. v. Phillips, 991 So.2d 697, 700-01 (Ala. 2008), in which our supreme court dismissed an appeal from the denial of a motion to intervene. In Phillips, an employee settled a third-party action and filed a stipulation of dismissal. The next day, the workers’ compensation insurance carrier that had paid the employee workers’ compensation benefits filed a motion to interyene in the third-party action, which the trial court denied. Our supreme court held that the stipulation of dismissal had effectively ended the jurisdiction of the trial court to act on the motion to intervene and, thus, that its order denying the motion to intervene was void and not appealable.
In this case, unlike in Phillips, at the time the trial court denied the motion to intervene, it had jurisdiction over the third-party action, which had not yet been dismissed. Thus, the employer and the carrier have appealed from a valid order. The subsequent voluntary dismissal of the action does not render the appeal moot because the trial court could still exercise its jurisdiction and afford the employer: the declaratory relief requested. See, e.g., Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1511 n.2 (11th Cir. 1996) (holding that appeal from denial of motion to intervene was not moot despite settlement of underlying case .after motion to intervene had been denied); CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 475 (4th Cir. 2015) (discussing various federal-court decisions and concluding that.settlement and “dismissal of the underlying action does not automatically moot a preexisting appeal of the denial of a motion to intervene”); and Glass v. Birmingham Southern R.R., 905 So.2d 789, 794 (Ala. 2004) (recognizing that federal-court decisions “can serve as persuasive authority” for Alabama’s appellate courts).
Turning to the merits, we note that the right of the employer and the carrier to intervene in the third-party action involves a question of Alabama law because the third-party action arose from an accident occurring in this state. See Northeast Utils., Inc. v. Pittman Trucking Co., 595 So.2d 1351, 1354 (Ala. 1992) (holding that Alabama law applied to third-party action although injured employee had received workers’ compensation benefits under Connecticut law); Middleton v. Caterpillar Indus., Inc., 979 So.2d 53, 57 (Ala. 2007) (holding that Alabama procedural rules apply in all civil actions maintained in Alabama state courts). The appellate brief *532 ified by the employer and the carrier does not cite any relevant Alabama legal authority providing the employer and the carrier with a right to intervene in the third-party action. The employer and the carrier also do not cite any Alabama legal authority the trial court allegedly violated in denying the motion to intervene. Instead, the employer and the carrier rely solely on Miss. Code Ann., § 71-3-71, Mississippi cases construing that statute, and Mississippi cases regarding the timeliness of an intervention motion, all of which are not applicable. “Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.” White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008). Because the employer and the carrier have failed to present this court with an argument containing relevant legal authorities, we conclude that the employer and the carrier waived their argument that the trial court wrongfully denied the motion to intervene.
Conclusion
Based on the foregoing, we affirm the trial court’s judgment.-;
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. In the motion to intervene below, this entity is also referred to as "RGIS, LLC.”

. An order denying a motion to intervene is a final judgment that will support an' appeal. See Universal Underwriters Ins. Co. v. Anglen, 630 So.2d 441, 442 (Ala. 1993).